David L. Evans (State Bar No. 155634)
*dlevans@hamricklaw.com*
Thomas P. Schmidt (State Bar No. 157831)
*tschmidt@hamricklaw.com*
Jeff Poole (State Bar No. 291783)
*jpoole@hamricklaw.com*
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

Attorneys for Defendant, Counter-
Claimant, and Third-Party Plaintiff
HI-SHEAR CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY OF TORRANCE,<br><br>　　　　Plaintiff,<br>　v.<br><br>HI-SHEAR CORPORATION, a Delaware corporation, d/b/a LISI AEROSPACE,<br><br>　　　　Defendant. | Case No.: 2:17-cv-07732-DSF-JPR<br>(*Case assigned to Hon. Dale S. Fischer*)<br><br>**ANSWER OF HI-SHEAR CORPORATION TO COMPLAINT OF CITY OF TORRANCE**<br><br>Complaint Filed:　10/23/2017<br><br>Trial Date:　　　None Set |
| HI-SHEAR CORPORATION,<br><br>　　　　Counter-Claimant,<br>　v.<br><br>CITY OF TORRANCE,<br><br>　　　　Counter-Defendant. | |
| HI-SHEAR CORPORATION,<br><br>　　　　Third-Party Plaintiff,<br>　v.<br><br>EFOC, INC., a Pennsylvania corporation, d/b/a ERIE PRESS SYSTEMS; The estate of ELISABETH P. FRUDENFELD, an deceased individual; the executor, administrator, or trustee of the estate of ELISABETH P. FRUDENFELD, a | |

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

deceased individual; the estate of KARL FRUDENFELD; the executor, administrator, or trustee of the estate of KARL FRUDENFELD a deceased individual; the trustees of a certain TRUST AGREEMENT DATED NOVEMBER 1, 1977, BETWEEN KARL FRUDENFELD AND ELISABETH P. FRUDENFELD; KARLA FRUDENFELD, an individual; the trustees of a certain FREDRICK AND MARGARET SUTTON TRUST; CRAIG FRUDENFELD, an individual, as custodian for ALEXANDER FRUDENFELD, AARON FRUDENFELD, and WENDI FRUDENFELD; ALEXANDER FRUDENFELD, an individual; AARON FRUDENFELD, an individual; WENDI FRUDENFELD, an individual; LAURI COOK, an individual, as custodian for MARINA COOK; MARINA COOK, an individual; ARBA, INC., a California corporation; PAUL SIMMONS GOLF COMPANY, an unknown corporate entity; ROBINSON HELICOPTER COMPANY, INCORPORATED, a California corporation; REXNORD INDUSTRIES, LLC, a Delaware limited liability company, d/b/a REXNORD AEROSPACE, d/b/a TRIDAIR AEROSPACE MECHANISMS; SOLARAY INDUSTRIES, INC., a California corporation; DASCO ENGINEERING CORPORATION, a California corporation; MAGELLAN AEROSPACE, MIDDLETOWN, an Ohio corporation; HF GROUP, INC., a California corporation; RECREATIONAL VANS, INC., a California corporation; R.G. HARRIS CO., a California Corporation; Robert G. Harris, an individual; EXCELLON TECHNOLOGIES, LLC, a California limited liability company, d/b/a EXCELLON AUTOMATION; TURNING POINT CAPITAL, LLC, an Oregon limited liability company; ESTERLINE TECHNOLOGIES CORPORATION, a Delaware corporation; JOSHMO, LLC, an Oregon limited liability company; WILLIAM J. ADKINS, trustee of the ADKINS FAMILY TRUST, ESTABLISHED APRIL 16, 1991; DCH TL HOLDINGS, LLC, a Delaware limited liability

-2-

company, d/b/a Torrance Toyota, d/b/a Torrance Scion; S.B.L. AUTO, INC. d/b/a SOUTH BAY LEXUS, a California corporation; THE UNITED STATES OF AMERICA, DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY; and ROES 1 to 10, inclusive,

Third-Party Defendants.

Defendant, Counter-Claimant, and Third-Party Plaintiff HI-SHEAR CORPORATION, a Delaware corporation sued and served herein as HI-SHEAR CORPORATION, a Delaware corporation, d/b/a LISI AEROSPACE ("Defendant" or "Hi-Shear") hereby answers the Complaint of Plaintiff CITY OF TORRANCE ("Plaintiff" or the "City") as follows:

## **JURISDICTION**

1.      Answering Paragraph 1 of the Complaint, Defendant states that to the extent Paragraph 1 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 1 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Defendant lacks knowledge or information upon which to form a belief regarding the truth of the allegations set forth in Paragraph 1 of the Complaint and on that basis denies such allegations.

2.      Answering Paragraph 2 of the Complaint, Defendant states that to the extent Paragraph 2 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 2 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Defendant lacks knowledge or information upon which to form a belief regarding the truth of the allegations set forth in Paragraph 2 of the Complaint and on that basis denies such allegations.

3.      Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a municipal corporation located in the County of Los Angeles, and that

1  Plaintiff owns the property located at 2600 Skypark Drive and leases it to Hi-Shear.
2  As to the remaining allegations in Paragraph 3, Defendant lacks knowledge or
3  information upon which to form a belief regarding the truth of those remaining
4  allegations in Paragraph 3 and on that basis denies such allegations.
5      4.    Answering Paragraph 4 of the Complaint, Defendant admits the
6  allegations set forth in Paragraph 4 of the Complaint.
7  **<u>GENERAL ALLEGATIONS</u>**
8      5.    Answering Paragraph 5 of the Complaint, Defendant states that to the
9  extent Paragraph 5 contains legal conclusions, no response thereto is required, and
10 that to the extent Paragraph 5 cites documents or statutes, the documents or statutes
11 themselves are the best evidence of their contents and speak for themselves. To the
12 extent that a response is required, Defendant admits that it currently leases and
13 occupies at least some portion of the "Hi-Shear Property" from Plaintiff and has
14 done so since at least 2004.
15     6.    Answering Paragraph 6 of the Complaint, Defendant states that to the
16 extent Paragraph 6 contains legal conclusions, no response thereto is required, and
17 that to the extent Paragraph 6 cites documents or statutes, the documents or statutes
18 themselves are the best evidence of their contents and speak for themselves. To the
19 extent that a response is required, Defendant admits that it conducted business
20 operations at the "Hi-Shear Property" since approximately 1954, and that various
21 chemicals were stored and/or used at the "Hi-Shear Property" at various times from
22 1954 to the present.  As to the remaining allegations set forth in Paragraph 6 of the
23 Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages
24 and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has
25 acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies
26 that it breached any contract, and lacks knowledge or information upon which to
27 form a belief regarding the truth of the remaining allegations set forth in Paragraph 6
28 of the Complaint, and on that basis denies such allegations.

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

7.     Answering Paragraph 7 of the Complaint, Defendant states that to the extent Paragraph 7 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 7 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 7 of the Complaint, and on that basis denies such allegations.

8.     Answering Paragraph 8 of the Complaint, Defendant states that to the extent Paragraph 8 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 8 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 8 of the Complaint, and on that basis denies such allegations.

9.     Answering Paragraph 9 of the Complaint, Defendant states that to the extent Paragraph 9 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 9 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that Plaintiff leases the "City Airport Property" to other tenants.  As to the remaining allegations set forth in

Paragraph 9 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 9 of the Complaint, and on that basis denies such allegations.

10. Answering Paragraph 10 of the Complaint, Defendant states that to the extent Paragraph 10 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 10 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 10 of the Complaint, and on that basis denies such allegations.

11. Answering Paragraph 11 of the Complaint, Defendant states that to the extent Paragraph 11 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 11 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it conducted business operations at the "Hi-Shear Property" since approximately 1954. As to the remaining allegations set forth in Paragraph 11 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding

HAMRICK & EVANS, LLP

the truth of the remaining allegations set forth in Paragraph 11 of the Complaint, and on that basis denies such allegations.

12.     Answering Paragraph 12 of the Complaint, Defendant states that to the extent Paragraph 12 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 12 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it conducted business operations at the "Hi-Shear Property" since approximately 1954.  As to the remaining allegations set forth in Paragraph 12 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and on that basis denies such allegations.

13.     Answering Paragraph 13 of the Complaint, Defendant states that to the extent Paragraph 13 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 13 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it conducted business operations at the "Hi-Shear Property" since approximately 1954. As to the remaining allegations set forth in Paragraph 13 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 13 of the Complaint, and on that basis denies such allegations.

HAMRICK & EVANS, LLP

14.     Answering Paragraph 14 of the Complaint, Defendant states that to the extent Paragraph 14 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 14 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it conducted business operations at the "Hi-Shear Property" since approximately 1954. As to the remaining allegations set forth in Paragraph 14 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 14 of the Complaint, and on that basis denies such allegations.

15.     Answering Paragraph 15 of the Complaint, Defendant states that to the extent Paragraph 15 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 15 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 15 of the Complaint, and on that basis denies such allegations.

16.     Answering Paragraph 16 of the Complaint, Defendant states that to the extent Paragraph 16 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 16 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the

HAMRICK & EVANS, LLP

extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 16 of the Complaint, and on that basis denies such allegations.

17.     Answering Paragraph 17 of the Complaint, Defendant states that to the extent Paragraph 17 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 17 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves.  To the extent that a response is required, Defendant admits that it has received a Notice of Intent to Sue from Plaintiff. As to the remaining allegations set forth in Paragraph 17 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 17 of the Complaint, and on that basis denies such allegations.

18.     Answering Paragraph 18 of the Complaint, Defendant states that to the extent Paragraph 18 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 18 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it has received a Notice of Default of Lease from Plaintiff. As to the remaining allegations set forth in Paragraph 18 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly,

1   and/or unlawfully, denies that it breached any contract, and lacks knowledge or
2   information upon which to form a belief regarding the truth of the remaining
3   allegations set forth in Paragraph 18 of the Complaint, and on that basis denies such
4   allegations.

5      19.   Answering Paragraph 19 of the Complaint, Defendant states that to the
6   extent Paragraph 19 contains legal conclusions, no response thereto is required, and
7   that to the extent Paragraph 19 cites documents or statutes, the documents or statutes
8   themselves are the best evidence of their contents and speak for themselves. To the
9   extent that a response is required, Defendant admits that it has received from
10  Plaintiff a Notification of Abandoned Waste and Intent to Bring Suit Under RCRA.
11  As to the remaining allegations set forth in Paragraph 19 of the Complaint,
12  Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to
13  incur costs, denies any liability to Plaintiff and/or others, denies that it has acted
14  wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it
15  breached any contract, and lacks knowledge or information upon which to form a
16  belief regarding the truth of the remaining allegations set forth in Paragraph 19 of
17  the Complaint, and on that basis denies such allegations.

## FIRST CAUSE OF ACTION

(FOR RESPONSE COSTS UNDER CERCLA, 42 U.S.C. § 9607)

20      20.   Answering Paragraph 20 of the Complaint, Defendant re-alleges and
21  references its responses to Paragraphs 1 through 19 as though fully set forth and
22  incorporated herein.

23      21.   Answering Paragraph 21 of the Complaint, Defendant states that to the
24  extent Paragraph 21 contains legal conclusions, no response thereto is required, and
25  that to the extent Paragraph 21 cites documents or statutes, the documents or statutes
26  themselves are the best evidence of their contents and speak for themselves. To the
27  extent that a response is required, Defendant denies that it caused Plaintiff and/or
28  others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

HAMRICK & EVANS, LLP

others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 21 of the Complaint, and on that basis denies such allegations.

22.     Answering Paragraph 22 of the Complaint, Defendant states that to the extent Paragraph 22 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 22 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 22 of the Complaint, and on that basis denies such allegations.

23.     Answering Paragraph 23 of the Complaint, Defendant states that to the extent Paragraph 23 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 23 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it conducted business operations at the "Hi-Shear Property" since approximately 1954, and that various chemicals were stored and/or used at the "Hi-Shear Property" at various times from 1954 to the present. As to the remaining allegations set forth in Paragraph 23 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to

form a belief regarding the truth of the remaining allegations set forth in Paragraph 23 of the Complaint, and on that basis denies such allegations.

24.     Answering Paragraph 24 of the Complaint, Defendant states that to the extent Paragraph 24 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 24 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it conducted business operations at the "Hi-Shear Property" since approximately 1954, and that various chemicals were stored and/or used at the "Hi-Shear Property" at various times from 1954 to the present. As to the remaining allegations set forth in Paragraph 24 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 24 of the Complaint, and on that basis denies such allegations.

25.     Answering Paragraph 25 of the Complaint, Defendant states that to the extent Paragraph 25 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 25 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it conducted business operations at the "Hi-Shear Property" since approximately 1954, and that various chemicals were stored and/or used at the "Hi-Shear Property" at various times from 1954 to the present. As to the remaining allegations set forth in Paragraph 25 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to

HAMRICK & EVANS, LLP

form a belief regarding the truth of the remaining allegations set forth in Paragraph 25 of the Complaint, and on that basis denies such allegations.

26.    Answering Paragraph 26 of the Complaint, Defendant states that to the extent Paragraph 26 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 26 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 26 of the Complaint, and on that basis denies such allegations.

27.    Answering Paragraph 27 of the Complaint, Defendant states that to the extent Paragraph 27 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 27 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 27 of the Complaint, and on that basis denies such allegations.

## **SECOND CAUSE OF ACTION**

(FOR DECLARATORY RELIEF UNDER CERCLA, 42 U.S.C. § 9613

28.    Answering Paragraph 28 of the Complaint, Defendant re-alleges and references its responses to Paragraphs 1 through 27 as though fully set forth and

-13-

HAMRICK & EVANS, LLP

incorporated herein.

29.     Answering Paragraph 29 of the Complaint, Defendant states that to the extent Paragraph 29 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 29 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it conducted business operations at the "Hi-Shear Property" since approximately 1954, that various chemicals were stored and/or used at the "Hi-Shear Property" at various times from 1954 to the present, and that Defendant denies and disputes liability allegations made by Plaintiff herein. As to the remaining allegations set forth in Paragraph 29 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 29 of the Complaint, and on that basis denies such allegations.

30.     Answering Paragraph 30 of the Complaint, Defendant states that to the extent Paragraph 30 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 30 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it denies and disputes liability allegations made by Plaintiff herein, denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 30 of the Complaint, and on that basis denies such allegations.

ANSWER OF HI-SHEAR CORPORATION TO COMPLAINT OF CITY OF TORRANCE

HAMRICK & EVANS, LLP

31.     Answering Paragraph 31 of the Complaint, Defendant states that to the extent Paragraph 31 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 31 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 31 of the Complaint, and on that basis denies such allegations.

32.     Answering Paragraph 32 of the Complaint, Defendant states that to the extent Paragraph 32 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 32 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 32 of the Complaint, and on that basis denies such allegations.

### THIRD CAUSE OF ACTION

(FOR ABATEMENT OF IMMINENT AND SUBSTANTIAL ENDANGERMENT UNDER RCRA, 42 U.S.C. § 6972)

33.     Answering Paragraph 33 of the Complaint, Defendant re-alleges and references its responses to Paragraphs 1 through 32 as though fully set forth and incorporated herein.

HAMRICK & EVANS, LLP

34.     Answering Paragraph 34 of the Complaint, Defendant states that to the extent Paragraph 34 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 34 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 34 of the Complaint, and on that basis denies such allegations.

35.     Answering Paragraph 35 of the Complaint, Defendant states that to the extent Paragraph 35 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 35 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 35 of the Complaint, and on that basis denies such allegations.

36.     Answering Paragraph 36 of the Complaint, Defendant states that to the extent Paragraph 36 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 36 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 36 of the Complaint, and on that basis denies such allegations.

37. Answering Paragraph 37 of the Complaint, Defendant states that to the extent Paragraph 37 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 37 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 37 of the Complaint, and on that basis denies such allegations.

38. Answering Paragraph 38 of the Complaint, Defendant states that to the extent Paragraph 38 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 38 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it has received the "RCRA Notice" more than 90 days ago. As to the remaining allegations set forth in Paragraph 38 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 38 of the Complaint, and on that basis denies such

allegations.

39.     Answering Paragraph 39 of the Complaint, Defendant states that to the extent Paragraph 39 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 39 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 39 of the Complaint, and on that basis denies such allegations.

40.     Answering Paragraph 40 of the Complaint, Defendant states that to the extent Paragraph 40 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 40 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 40 of the Complaint, and on that basis denies such allegations.

41.     Answering Paragraph 41 of the Complaint, Defendant states that to the extent Paragraph 41 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 41 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 41 of the Complaint, and on that basis denies such allegations.

42.     Answering Paragraph 42 of the Complaint, Defendant states that to the extent Paragraph 42 contains legal conclusions, no response thereto is required, and

-18-

that to the extent Paragraph 42 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 42 of the Complaint, and on that basis denies such allegations.

## FOURTH CAUSE OF ACTION

### (FOR RESPONSE COSTS, INDEMNITY AND CONTRIBUTION UNDER CALIFORNIA SUPERFUND, HEALTH & SAFETY CODE SECTION 25363 ET SEQ)

43.    Answering Paragraph 43 of the Complaint, Defendant re-alleges and references its responses to Paragraphs 1 through 42 as though fully set forth and incorporated herein.

44.    Answering Paragraph 44 of the Complaint, Defendant states that to the extent Paragraph 44 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 44 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 44 of the Complaint, and on that basis denies such allegations.

45.    Answering Paragraph 45 of the Complaint, Defendant states that to the extent Paragraph 45 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 45 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or

HAMRICK & EVANS, LLP

others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 45 of the Complaint, and on that basis denies such allegations.

## **FIFTH CAUSE OF ACTION**

### (FOR BREACH OF 2004 LEASE AGREEMENT)

46.     Answering Paragraph 46 of the Complaint, Defendant re-alleges and references its responses to Paragraphs 1 through 45 as though fully set forth and incorporated herein.

47.     Answering Paragraph 47 of the Complaint, Defendant states that to the extent Paragraph 47 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 47 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 47 of the Complaint, and on that basis denies such allegations.

48.     Answering Paragraph 48 of the Complaint, Defendant states that to the extent Paragraph 48 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 48 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 47 of the Complaint, and on that basis denies such allegations.

49.     Answering Paragraph 49 of the Complaint, Defendant states that to the extent Paragraph 49 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 49 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 47 of the Complaint, and on that basis denies such allegations.

50.     Answering Paragraph 50 of the Complaint, Defendant states that to the extent Paragraph 50 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 50 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 50 of the Complaint, and on that basis denies such allegations.

51.     Answering Paragraph 51 of the Complaint, Defendant states that to the

HAMRICK & EVANS, LLP

extent Paragraph 51 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 51 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 51 of the Complaint, and on that basis denies such allegations.

52.     Answering Paragraph 52 of the Complaint, Defendant states that to the extent Paragraph 52 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 52 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it has received a Notice of Default from Plaintiff. As to the remaining allegations set forth in Paragraph 52 of the Complaint, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 52 of the Complaint, and on that basis denies such allegations.

53.     Answering Paragraph 53 of the Complaint, Defendant states that to the extent Paragraph 53 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 53 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in

Paragraph 53 of the Complaint, and on that basis denies such allegations.

54.    Answering Paragraph 54 of the Complaint, Defendant states that to the extent Paragraph 54 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 54 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 54 of the Complaint, and on that basis denies such allegations.

## SIXTH CAUSE OF ACTION

### (FOR NUISANCE, CALIFORNIA CIVIL CODE § 3479)

55.    Answering Paragraph 55 of the Complaint, Defendant re-alleges and references its responses to Paragraphs 1 through 54 as though fully set forth and incorporated herein.

56.    Answering Paragraph 56 of the Complaint, Defendant states that to the extent Paragraph 56 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 56 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 56 of the Complaint, and on that basis denies such allegations.

HAMRICK & EVANS, LLP

57. Answering Paragraph 57 of the Complaint, Defendant states that to the extent Paragraph 57 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 57 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 57 of the Complaint, and on that basis denies such allegations.

58. Answering Paragraph 58 of the Complaint, Defendant states that to the extent Paragraph 58 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 58 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 58 of the Complaint, and on that basis denies such allegations.

59. Answering Paragraph 59 of the Complaint, Defendant states that to the extent Paragraph 59 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 59 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

HAMRICK & EVANS, LLP

others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 59 of the Complaint, and on that basis denies such allegations.

60.    Answering Paragraph 60 of the Complaint, Defendant states that to the extent Paragraph 60 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 60 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 60 of the Complaint, and on that basis denies such allegations.

61.    Answering Paragraph 61 of the Complaint, Defendant states that to the extent Paragraph 61 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 61 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 61 of the Complaint, and on that basis denies such allegations.

62.    Answering Paragraph 62 of the Complaint, Defendant states that to the

HAMRICK & EVANS, LLP

extent Paragraph 62 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 62 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 62 of the Complaint, and on that basis denies such allegations.

63.     Answering Paragraph 63 of the Complaint, Defendant states that to the extent Paragraph 63 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 63 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 63 of the Complaint, and on that basis denies such allegations.

64.     Answering Paragraph 64 of the Complaint, Defendant states that to the extent Paragraph 64 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 64 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly,

1  and/or unlawfully, denies that it breached any contract, and lacks knowledge or

2  information upon which to form a belief regarding the truth of the remaining

3  allegations set forth in Paragraph 64 of the Complaint, and on that basis denies such

4  allegations.

5      65.    Answering Paragraph 65 of the Complaint, Defendant states that to the

6  extent Paragraph 65 contains legal conclusions, no response thereto is required, and

7  that to the extent Paragraph 65 cites documents or statutes, the documents or statutes

8  themselves are the best evidence of their contents and speak for themselves. To the

9  extent that a response is required, Defendant denies that it caused Plaintiff and/or

10 others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

11 others, denies that it has acted wrongfully, negligently, intentionally, recklessly,

12 and/or unlawfully, denies that it breached any contract, and lacks knowledge or

13 information upon which to form a belief regarding the truth of the remaining

14 allegations set forth in Paragraph 65 of the Complaint, and on that basis denies such

15 allegations.

16 **SEVENTH CAUSE OF ACTION**

17 (FOR TRESPASS)

18     66.    Answering Paragraph 66 of the Complaint, Defendant re-alleges and

19 references its responses to Paragraphs 1 through 65 as though fully set forth and

20 incorporated herein.

21     67.    Answering Paragraph 67 of the Complaint, Defendant states that to the

22 extent Paragraph 67 contains legal conclusions, no response thereto is required, and

23 that to the extent Paragraph 67 cites documents or statutes, the documents or statutes

24 themselves are the best evidence of their contents and speak for themselves. To the

25 extent that a response is required, Defendant denies that it caused Plaintiff and/or

26 others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

27 others, denies that it has acted wrongfully, negligently, intentionally, recklessly,

28 and/or unlawfully, denies that it breached any contract, and lacks knowledge or

HAMRICK & EVANS, LLP

information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 67 of the Complaint, and on that basis denies such allegations.

68.     Answering Paragraph 68 of the Complaint, Defendant states that to the extent Paragraph 68 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 68 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 68 of the Complaint, and on that basis denies such allegations.

69.     Answering Paragraph 69 of the Complaint, Defendant states that to the extent Paragraph 69 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 69 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 69 of the Complaint, and on that basis denies such allegations.

70.     Answering Paragraph 70 of the Complaint, Defendant states that to the extent Paragraph 70 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 70 cites documents or statutes, the documents or statutes

themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 70 of the Complaint, and on that basis denies such allegations.

71.     Answering Paragraph 71 of the Complaint, Defendant states that to the extent Paragraph 71 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 71 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 71 of the Complaint, and on that basis denies such allegations.

72.     Answering Paragraph 72 of the Complaint, Defendant states that to the extent Paragraph 72 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 72 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining

ANSWER OF HI-SHEAR CORPORATION TO COMPLAINT OF CITY OF TORRANCE

allegations set forth in Paragraph 72 of the Complaint, and on that basis denies such allegations.

## EIGHTH CAUSE OF ACTION

### (FOR WASTE)

73.     Answering Paragraph 73 of the Complaint, Defendant re-alleges and references its responses to Paragraphs 1 through 72 as though fully set forth and incorporated herein.

74.     Answering Paragraph 74 of the Complaint, Defendant states that to the extent Paragraph 74 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 74 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 74 of the Complaint, and on that basis denies such allegations.

75.     Answering Paragraph 75 of the Complaint, Defendant states that to the extent Paragraph 75 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 75 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 75 of the Complaint, and on that basis denies such

HAMRICK & EVANS, LLP

1    allegations.

2         76.    Answering Paragraph 76 of the Complaint, Defendant states that to the

3    extent Paragraph 76 contains legal conclusions, no response thereto is required, and

4    that to the extent Paragraph 76 cites documents or statutes, the documents or statutes

5    themselves are the best evidence of their contents and speak for themselves. To the

6    extent that a response is required, Defendant denies that it caused Plaintiff and/or

7    others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

8    others, denies that it has acted wrongfully, negligently, intentionally, recklessly,

9    and/or unlawfully, denies that it breached any contract, and lacks knowledge or

10   information upon which to form a belief regarding the truth of the remaining

11   allegations set forth in Paragraph 76 of the Complaint, and on that basis denies such

12   allegations.

13        77.    Answering Paragraph 77 of the Complaint, Defendant states that to the

14   extent Paragraph 77 contains legal conclusions, no response thereto is required, and

15   that to the extent Paragraph 77 cites documents or statutes, the documents or statutes

16   themselves are the best evidence of their contents and speak for themselves. To the

17   extent that a response is required, Defendant denies that it caused Plaintiff and/or

18   others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

19   others, denies that it has acted wrongfully, negligently, intentionally, recklessly,

20   and/or unlawfully, denies that it breached any contract, and lacks knowledge or

21   information upon which to form a belief regarding the truth of the remaining

22   allegations set forth in Paragraph 77 of the Complaint, and on that basis denies such

23   allegations.

24        78.    Answering Paragraph 78 of the Complaint, Defendant states that to the

25   extent Paragraph 78 contains legal conclusions, no response thereto is required, and

26   that to the extent Paragraph 78 cites documents or statutes, the documents or statutes

27   themselves are the best evidence of their contents and speak for themselves. To the

28   extent that a response is required, Defendant denies that it caused Plaintiff and/or

HAMRICK & EVANS, LLP

others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 78 of the Complaint, and on that basis denies such allegations.

**NINTH CAUSE OF ACTION**

(FOR NEGLIGENCE AND NEGLIGENCE PER SE)

79.     Answering Paragraph 79 of the Complaint, Defendant re-alleges and references its responses to Paragraphs 1 through 78 as though fully set forth and incorporated herein.

80.     Answering Paragraph 80 of the Complaint, Defendant states that to the extent Paragraph 80 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 80 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 80 of the Complaint, and on that basis denies such allegations.

81.     Answering Paragraph 81 of the Complaint, Defendant states that to the extent Paragraph 81 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 81 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or

HAMRICK & EVANS, LLP

others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 81 of the Complaint, and on that basis denies such allegations.

82.    Answering Paragraph 82 of the Complaint, Defendant states that to the extent Paragraph 82 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 82 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 82 of the Complaint, and on that basis denies such allegations.

## TENTH CAUSE OF ACTION

(FOR DECLARATORY RELIEF, CALIFORNIA CODE OF CIVIL PROCEDURE § 1060)

83.    Answering Paragraph 83 of the Complaint, Defendant re-alleges and references its responses to Paragraphs 1 through 82 as though fully set forth and incorporated herein.

84.    Answering Paragraph 84 of the Complaint, Defendant states that to the extent Paragraph 84 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 84 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it denies and disputes liability allegations made by Plaintiff herein, denies that it caused Plaintiff and/or

HAMRICK & EVANS, LLP

others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 84 of the Complaint, and on that basis denies such allegations.

85.    Answering Paragraph 85 of the Complaint, Defendant states that to the extent Paragraph 85 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 85 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent that a response is required, Defendant admits that it denies and disputes liability allegations made by Plaintiff herein, denies that it caused Plaintiff and/or others to suffer damages and/or to incur costs, denies any liability to Plaintiff and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 85 of the Complaint, and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

Without admitting the truth or accuracy of any of the allegations set forth in the Complaint, and without assuming the burden of proof on any matters where that burden rests on Plaintiff, Defendant alleges the following affirmative defenses to the claims alleged in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### *(Failure to State a Cause of Action)*

86.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action and claim for relief set forth therein fail to state facts sufficient to constitute a cause of action against Defendant

-34-

HAMRICK & EVANS, LLP

and fail to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

*(Act of God, War, or Third Party)*

87.     As a separate and distinct affirmative defense, Defendant alleges that the alleged releases or threat of releases of a hazardous substance and any damage resulting therefrom were caused solely by (i) an act of God; (ii) an act of war; (iii) a third party, other than Defendant's employees or agents, or a third party other than one whose act or omission occurred in connection with a contractual relationship with Defendant; or (iv) any combination of the foregoing.

## THIRD AFFIRMATIVE DEFENSE

*(Unnecessary and Inconsistent Response Costs)*

88.     As a separate and distinct affirmative defense, Defendant alleges that the response costs, if any, incurred by Plaintiff were not necessary and are not consistent with the National Contingency Plan.

## FOURTH AFFIRMATIVE DEFENSE

*(CERCLA Statute of Limitations)*

89.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations in section 9613(g) of CERCLA.

## FIFTH AFFIRMATIVE DEFENSE

*(*De Minimus *Liability)*

90.     As a separate and distinct affirmative defense, Defendant alleges that its liability, if any, is *de minimus* under CERCLA and the policies of the United States Environmental Protection Agency and the California Department of Toxic Substances Control.

/ / /

/ / /

/ / /

HAMRICK & EVANS, LLP

## SIXTH AFFIRMATIVE DEFENSE

*(Failure to Join Indispensable Parties)*

91.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to join all indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

*(Reasonable Apportionment of Liability)*

92.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for joint and several liability is barred since the environmental harm allegedly caused by Defendant is divisible, and Defendant's liability for such harm, if any, is capable of reasonable apportionment.

## EIGHTH AFFIRMATIVE DEFENSE

*(Waiver and Estoppel)*

93.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## NINTH AFFIRMATIVE DEFENSE

*(Laches)*

94.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

*(Unclean Hands)*

95.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

*(No Proximate Cause)*

96.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each claim contained therein, are barred on the grounds that there is no allegation or proof that the conduct of Defendant was the proximate

-36-

HAMRICK & EVANS, LLP

cause of the conditions or actual or threatened releases, if any, alleged in the
Complaint, or that the actual or threatened releases alleged in the Complaint, if any,
were the proximate cause of any injury or necessitated the incurrence of any
response costs in connection therewith.

## TWELFTH AFFIRMATIVE DEFENSE

### *(Actions Taken in Conformity with Applicable Laws)*

97.     As a separate and distinct affirmative defense, Defendant alleges that
the Complaint, and each claim contained therein, are barred on the grounds that
Defendant is not liable for any acts or omissions undertaken by or at the direction or
sufferance of any local, state or federal authority, including, but not limited to, acts
or omissions made in accordance with permits, regulations, ordinances, statutes and
laws applicable at the time the acts or omissions alleged, if any occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

### *(Failure to Exercise Ordinary Care)*

98.     As a separate and distinct affirmative defense, Defendant alleges that
the Complaint, and each claim contained therein, are barred to the extent that
Plaintiff and/or its agents failed to exercise ordinary care, caution and prudence to
prevent the contamination and resulting response costs alleged in the Complaint, if
any.

## FOURTHEENTH AFFIRMATIVE DEFENSE

### *(Comparative/Contributory Negligence)*

99.     As a separate and distinct affirmative defense, Defendant alleges that
Plaintiff's claim for response costs is barred and limited to the extent of any
comparative and/or contributory negligence of Plaintiff which may have contributed
to or proximately caused the alleged costs, if any.

/ / /

/ / /

/ / /

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

### FIFTEENTH AFFIRMATIVE DEFENSE

*(Equitable Factors)*

100.   As a separate and distinct affirmative defense, Defendant alleges that, pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), such equitable factors as the Court deems appropriate must be considered in resolving actions for contribution under CERCLA. Defendant alleges that, upon application of appropriate equitable facts, the share of responsibility borne by Defendant is zero.

### SIXTEENTH AFFIRMATIVE DEFENSE

*(No Recovery for Future Response Costs)*

101.   As a separate and distinct affirmative defense, Defendant alleges that, under Section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4), response costs not yet incurred are not recoverable, and that Plaintiff's claims must be denied to the extent that they include claims for recovery of alleged future costs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

*(No Recovery by Potential Responsible Parties)*

102.   As a separate and distinct affirmative defense, Defendant alleges that, under 42 U.S.C. § 9607(a), only an innocent party can bring a cost recovery action. Defendant further alleges, upon information and belief, that Plaintiff is a potentially responsible party under CERCLA. To the extent that any portion of the Complaint can be construed as being premised on 42 U.S.C. § 9607, the Complaint is thus barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

*(Costs Do Not Qualify as Response Costs)*

103.   As a separate and distinct affirmative defense, Defendant alleges that costs incurred or to be incurred by Plaintiff as alleged in the Complaint are not response costs recoverable from Defendant within the meaning of CERCLA.

/ / /

/ / /

## NINETEENTH AFFIRMATIVE DEFENSE

*(Actions Conformed to Applicable Laws)*

104.   As a separate and distinct affirmative defense, Defendant alleges that all conduct and activities of Defendant alleged in the Complaint conformed to statutes, government regulations and industry standards based on the state of knowledge existing at the times alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

*(Useful Product)*

105.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each claim contained therein, are barred or limited on the grounds that the hazardous material at issue, to the extent it exists, constituted a useful product and is not regulated as a "hazardous waste" under CERCLA or California law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

*(No Immediate and Substantial Endangerment)*

106.   As a separate and distinct affirmative defense, Plaintiff's claim under the Resource Conservation and Recovery Act ("RCRA"), U.S.C. Section 6972, must fail since there is no immediate and substantial endangerment to health and/or the environment arising from the contamination alleged in Plaintiff's Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

*(Failure to Mitigate)*

107.   As a separate and distinct affirmative defense, Defendant is informed and believes, and thereon alleges, that if Plaintiff has been injured at all, as alleged in the Complaint on file herein, said injuries and/or damages were caused by the failure of Plaintiff to mitigate the damages alleged.

/ / /

/ / /

/ / /

-39-

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

## TWENTY-THIRD AFFIRMATIVE DEFENSE

*(Contributory Negligence)*

108.   As a separate and distinct affirmative defense, Defendant is informed and believes, and thereon alleges, that the injuries and damages alleged to have been suffered by Plaintiff in the Complaint on file herein, if any, were directly or proximately, in whole or in part, caused or contributed to by the negligence, carelessness, fault or want of care of other parties and non-parties other than Defendant. It is thus necessary that the proportion or degree of negligence or fault of each said person or entities, whether parties to this action or not, be judicially determined, and that any judgment that might be rendered against Defendant be reduced in proportion to the degree of fault contributed to by each and every other party, third person, or entity found liable to Plaintiff. As against each such third person or entity, whether served or not served in this action, whose acts or omissions are found to have proximately caused or contributed in any fashion to the injuries, if any, alleged to have been suffered by Plaintiff herein, Defendant reserves the right to bring a third-party complaint and/or Counterclaim and/or move for judgment against each such person or entity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

*(Statutes of Limitations)*

109.   As a separate and distinct affirmative defense, one or more of the causes of action in Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitations set forth in the California Code of Civil Procedure, including, but not limited to, Sections 337, 338, 339, 340, 343, 360.5 and/or any and all contractual limitations periods.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

*(Statutory Defenses Under 42 U.S.C. § 9607(b))*

110.   As a separate and distinct affirmative defense, if a determination is made that Defendant disposed of a hazardous substance at the site, which Defendant

-40-

denies, then Defendant alleges that there is no liability pursuant to the provisions of 42 U.S.C. § 9607(b).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

*(No Joint and Several Liability for Response Costs)*

111.   As a separate and distinct affirmative defense, to the extent that a release of hazardous substances has occurred at the site for which Defendant is liable, joint and several liability may not be imposed upon Defendant because Plaintiff, as a potentially responsible party under CERCLA, is limited to a contribution claim and is not entitled to recover from Defendant, jointly and severally, the totality of the response costs Plaintiff alleges it has incurred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

*(Statute of Limitations - Nuisance and Trespass)*

112.   As a separate and distinct affirmative defense, Plaintiff's nuisance and trespass claims are completely barred by the applicable statute of limitations to the extent the alleged damage present at the subject site is not reasonably abatable and/or is permanent and therefore time-barred.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

*(No Past Cleanup Costs Under the RCRA)*

113.   As a separate and distinct affirmative defense, Plaintiff's claims under the Resource Conservation and Recovery Act are barred to the extent Plaintiff seeks reimbursement for past cleanup costs.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

*(Acts of Others)*

114.   As a separate and distinct affirmative defense, Defendant is not liable because the alleged release or threatened release at issue in the action and any damages resulting therefrom were caused solely by the acts or omissions of one or more third parties, and Defendant exercised due care with respect the alleged hazardous substance(s) concerned.

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

## THIRTIETH AFFIRMATIVE DEFENSE

*(No Substantial Interference with Use and Enjoyment)*

115.   As a separate and distinct affirmative defense, if hazardous substances, hazardous wastes, wastes, or solid wastes are present on or beneath the site, such substances or wastes do not substantially interfere with Plaintiff's use and enjoyment of said property, thus barring Plaintiff's recovery for any alleged nuisance which purportedly exists at said site.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

*(Equitable Factors)*

116.   As a separate and distinct affirmative defense, the action is barred, in whole or in part, by such equitable factors which the court may apply pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §9613(f) and/or the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code, § 25363(e).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

*(Contiguous Property)*

117.   As a separate and distinct affirmative defense, Defendant is not liable to Plaintiff to the extent that any alleged hazardous substances may have migrated from contiguous properties onto property owned or operated by Defendant pursuant to 42 U.S.C. § 9607(q).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

*(Reservation of Rights to Allege Further Affirmative Defenses)*

118.   As a separate and distinct affirmative defense, Defendant has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during investigation and/or discovery. Defendant reserves the right to amend its answer and/or to assert additional affirmative defenses and/or to delete certain affirmative defenses in the event that investigation

1   and/or discovery indicates that it would be appropriate to do so.

2   WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

3       1.  That Plaintiff take nothing by way of the Complaint;

4       2.  That Defendant be awarded judgment in this action;

5       3.  For reasonable attorneys' fees and legal expenses as permitted by

6   contract or statute;

7       4.  For costs of suit; and

8       5.  For such other and further relief as the Court may deem just and proper.

9

10  DATED:  December 22, 2017            HAMRICK & EVANS, LLP

11

12                                      By: /s/ David L. Evans
13                                          DAVID L. EVANS
                                            THOMAS P. SCHMIDT
14                                          JEFF POOLE
                                            Attorneys for Defendant, Counter-
15                                          Claimant, and Third-Party Plaintiff HI-
                                            SHEAR CORPORATION
16

17              **DEMAND FOR JURY TRIAL**

18      Defendant demands a jury trial on all claims and matters which it is entitled to

19  a trial by jury.

20

21  DATED:  December 22, 2017            HAMRICK & EVANS, LLP

22

23                                      By:  /s/ David L. Evans
24                                          DAVID L. EVANS
                                            THOMAS P. SCHMIDT
25                                          JEFF POOLE
                                            Attorneys for Defendant, Counter-
26                                          Claimant, and Third-Party Plaintiff HI-
                                            SHEAR CORPORATION
27

28

ANSWER OF HI-SHEAR CORPORATION TO COMPLAINT OF CITY OF TORRANCE

HAMRICK & EVANS, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause.  My business address is Hamrick & Evans, LLP, 2600 West Olive Avenue, Suite 1020, Burbank, California 91505.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on December 22, 2017, I caused to be served the copies of the attached:

**ANSWER OF HI-SHEAR CORPORATION TO COMPLAINT OF CITY OF TORRANCE**

on the parties in said action as follows:

☐  **BY REGULAR MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices.  Said document(s) will be deposited with United States Post Office mail box at Burbank, California, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

☒  (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on December 22, 2017, at Burbank, California.

/s/ Heather Martindale
_____
Heather Martindale