MICHAEL C. MARTINEZ (Cal. Bar No. 275581)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel:   (202) 514-0135
Fax:  (202) 514-8865
michael.c.martinez@usdoj.gov

Attorneys for Third-Party Defendant
United States of America

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF TORRANCE,<br><br>                              Plaintiff,<br><br>      v.<br><br>HI-SHEAR CORPORATION, a Delaware Corporation, d/b/a LISI AEROSPACE,<br><br>                              Defendant.<br>_____<br>AND RELATED COUNTER CLAIMS AND THIRD-PARTY CLAIMS | NO. 2:17-CV-07732-DSF-(JPRx)<br><br>**THE UNITED STATES' ANSWER AND COUNTERCLAIM TO THE THIRD AMENDED THIRD-PARTY COMPLAINT OF HI-SHEAR CORPORATION**<br><br>Compl. Filed: Oct. 23, 2017<br>Third Am. Third-Party Compl. Filed: Jan. 4, 2019 |

Third Party Defendants United States of America, on behalf of the United States Department of Defense and the United States Department of the Army (collectively, the "United States") respond as follows to Third-Party Plaintiff Hi-Shear Corporation's ("Hi-Shear") Third Amended Third-Party Complaint, dated

January 4, 2018 (ECF No. 206).  These responses are numbered to correspond to the paragraphs in the Third Amended Third-Party Complaint.

## STATEMENT OF THE ACTION

1.      The United States answers that Paragraph 1 consists of legal contentions and Hi-Shear's characterization of its claims, to which no response is required.  To the extent a response is required, the United States admits that Hi-Shear purports to bring a civil action for Total Indemnity and Equitable Indemnity and, under CERCLA and the California Hazardous Substances Act, for Contribution, Cost Recovery, and Declaratory Relief in order to avoid or minimize its alleged liability in connection with the City's environmental contamination claims.  The United States is without information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 1 and therefore denies them.

2.      The United States answers that Paragraph 2 consists of Hi-Shear's characterization of its claims, to which no response is required.  To the extent a response is required, the United States is without information sufficient to form a belief as to the truth of any allegations set forth in Paragraph 2 and therefore denies them.

3.      The United States answers that Paragraph 3 consists of Hi-Shear's characterization of its claims, to which no response is required.  To the extent a response is required, some of the allegations have been addressed in subsequent paragraphs.  To the extent that a response is required for allegations not otherwise addressed, the United States is without information sufficient to form a belief as to the truth of any allegations set forth in Paragraph 3 and therefore denies them.

4.      The United States answers that Paragraph 4 consists of Hi-Shear's characterization of its claims, to which no response is required.  To the extent a response is required, the United States is without information sufficient to form a

belief as to the truth of any allegations set forth in Paragraph 4 and therefore denies them.

5.     The United States admits that the City filed a Complaint setting forth the causes of action enumerated in Paragraph 5.  The United States is without information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 5 and therefore denies them.

6.     The United States admits Paragraph 6 of the Complaint.

7.     The United States answers that Paragraph 7 consists of Hi-Shear's characterization of the claims in the City's Complaint, to which no response is required.  The City's Complaint speaks for itself.  To the extent Paragraph 7 is not limited to characterizing the City's Complaint, the United States is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and therefore denies them.

8.     The United States answers that Paragraph 8 consists of Hi-Shear's characterization of Hi-Shear's claims and the claims in the City's Complaint, to which no response is required.  The City's Complaint speaks for itself.  To the extent Paragraph 8 is not limited to characterizing Hi-Shear's claims and the City's Complaint, the United States denies any liability for the alleged contamination.  To the extent any allegations in Paragraph 8 relate to other parties, the United States is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and therefore denies them.

## JURISDICTION AND VENUE

9.     The United States answers that Paragraph 9 consists of legal contentions, to which no response is required.  To the extent Paragraph 9 contains factual allegations, the United States is without information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10.     The United States answers that Paragraph 10 consists of legal contentions, to which no response is required.  To the extent Paragraph 10 contains factual allegations, the United States is without information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## PARTIES

11.     The United States answers that Paragraph 11 relates to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies the allegations.

12.     The United States answers that Paragraph 12 contains legal contentions, to which no response is required. To the extent Paragraph 12 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

13.     The United States answers that Paragraph 13 contains legal contentions, to which no response is required.  To the extent Paragraph 13 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

14.     The United States answers that Paragraph 14 contains legal contentions, to which no response is required.  To the extent Paragraph 14 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

15.     The United States answers that Paragraph 15 contains legal contentions, to which no response is required.  To the extent Paragraph 15 contains factual allegations, the allegations relate to another party and the United States

lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

16.     The United States answers that Paragraph 16 contains legal contentions, to which no response is required.  To the extent Paragraph 16 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

17.     The United States answers that Paragraph 17 contains legal contentions, to which no response is required.  To the extent Paragraph 17 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

18.     The United States answers that Paragraph 18 contains legal contentions, to which no response is required.  To the extent Paragraph 18 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

19.     The United States answers that Paragraph 19 contains legal contentions, to which no response is required.  To the extent Paragraph 19 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

20.     The United States answers that Paragraph 20 contains legal contentions, to which no response is required.  To the extent Paragraph 20 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

21.     The United States answers that Paragraph 21 contains legal contentions, to which no response is required.  To the extent Paragraph 21 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

22.     The United States answers that Paragraph 22 contains legal contentions, to which no response is required.  To the extent Paragraph 22 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

23.     The United States answers that Paragraph 23 contains legal contentions, to which no response is required.  To the extent Paragraph 23 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

24.     The United States answers that Paragraph 24 contains legal contentions, to which no response is required.  To the extent Paragraph 24 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

25.     The United States answers that Paragraph 25 contains legal contentions, to which no response is required.  To the extent Paragraph 25 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth of the allegations and therefore denies them.

26.     The United States answers that Paragraph 26 contains legal contentions, to which no response is required.  To the extent Paragraph 26 contains

factual allegations that relate to another party, the United States lacks information sufficient to form a belief regarding the truth of the allegations and therefore denies them.

27.     The United States answers that Paragraph 27 contains legal contentions, to which no response is required.  To the extent Paragraph 27 contains factual allegations that relate to another party, the United States lacks information sufficient to form a belief regarding the truth of the allegations and therefore denies them.

28.     The United States answers that Paragraph 28 contains legal contentions, to which no response is required.  To the extent Paragraph 28 contains factual allegations that relate to another party, the United States lacks information sufficient to form a belief regarding the truth of the allegations and therefore denies them.

29.     The United States answers that Paragraph 29 contains legal contentions, to which no response is required.  To the extent Paragraph 29 contains factual allegations, the allegations relate to another party and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

30.     The United States answers that Paragraph 30 contains legal contentions, to which no response is required.  To the extent Paragraph 30 contains factual allegations that relate to another party, the United States lacks information sufficient to form a belief regarding the truth of the allegations and therefore denies them.

31.     The United States answers that Paragraph 31 contains legal contentions, to which no response is required.  To the extent Paragraph 31 contains factual allegations that relate to another party, the United States lacks information

1    sufficient to form a belief regarding the truth of the allegations and therefore denies

2    them.

3         32.    The United States answers that Paragraph 32 contains legal

4    contentions, to which no response is required.  To the extent Paragraph 32 contains

5    factual allegations, the allegations relate to another party and the United States

6    lacks information sufficient to form a belief regarding the truth thereof and

7    therefore denies them.

8         33.    The United States answers that, for Paragraph 33, the allegation that

9    "the Army operated, controlled, directed the workings of, managed, and conducted

10   the affairs of an anti-aircraft missile battery at the Nike Missile Battery Property,"

11   is a legal contention, to which no response is required.  To the extent that the

12   statement includes factual allegations, the United States lacks information

13   sufficient to form a belief regarding the truth thereof and therefore denies them.

14   The United States admits that it leased Nike Missile Battery parcels beginning in

15   1955, but denies that the lease lasted to the mid-1970s.  Nike Battery #57 was

16   decommissioned in 1963, and the lease terminated for the majority of the site in

17   1965.  The United States admits that the missile battery included three

18   underground missile silos, one or more acid fueling station, and one or more acid

19   storage shed.  The United States admits that the underground missile silos

20   contained hydraulic systems, including tanks, hydraulic actuation cylinders,

21   hydraulic lifts, and hydraulic plumbing.  The United States lacks information

22   sufficient to form a belief regarding the truth of the remaining allegations in

23   Paragraph 33 and therefore denies them.

24        34.    The United States admits that, for Paragraph 34, the hydraulic tanks at

25   Nike Battery #57 were removed from the underground silos, but does not have

26   information sufficient to form a belief about the date of the tank removal or the

27   parties involved.  The United States admits that an estimated 400-500 gallons of

28

hydraulic fluid remained inside the hydraulic systems associated with each silo after the tanks had been removed.  The United States denies that "in 1991, the Army classified the Nike Missile Battery Property as a Formerly Used Defense Site."  In 1994, the Army determined the site to have been formerly used by the Department of Defense.  The United States admits that the Army noted remaining hydraulic fluids in the hydraulic systems at or around the time of the determination that the property was eligible for inclusion in the Formerly Used Defense Sites ("FUDS") program.  The United States denies that the Army "took no other action to remediate the site."

35.     The United States admits that, for Paragraph 35, the United States Army Toxic and Hazardous Materials Agency, Assessments Division commissioned a report, entitled "Historical Overview of the Nike Missile System" (the "Report").  The Report speaks for itself and is the best evidence of its contents.  The United States denies that the hazardous material handling and disposal was consistent throughout the various Nike missile sites across the country.  As the Report states, "specifics of material handling and disposal varied considerably for individual batteries."  The United States lacks information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 35 as applicable to Nike Battery #57, and therefore denies them.

36.     The United States denies that, for Paragraph 36, "the Army operated, controlled, directed the workings of, managed, and conducted the affairs of a Nike anti-aircraft missile silo (housing three Nike Ajax Missiles) at the Nike Missile Battery Property in conformity with the general standards and practices at Nike missile sites as detailed in the Report."  The Report speaks for itself and is the best evidence of its contents.  As the Report indicates, local practices varied greatly.  The United States lacks information sufficient to form a belief regarding the truth of the allegation that the Army controlled, directed, and operated the anti-aircraft

missile silos at the Nike Missile Battery Property, and therefore denies it.  The United States lacks information sufficient to form a belief regarding the truth of the allegation that the Army directed "its soldiers and other related personnel to conduct various maintenance-related activities that included the use of HVOCs, including trichloroethylene," and therefore denies it. The United States denies the allegation that "the Report confirms that the Army authorized and directed its soldiers and related personnel to dispose of and/or dump those HVOCs into ground sumps and drywells where the HVOCs would soak into the ground," rather than disposing of used solvents via off-site facilities.  The Report indicates that a range of disposal practices existed.  The United States lacks information sufficient to form a belief regarding the truth of the allegation that "the Army disposed and/or dumped HVOCs, including trichloroethylene, at the Nike Missile Battery Property," and therefore denies it.  The United States lacks information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 36, and therefore denies them.

37.     The United States answers that, for Paragraph 37, Hi-Shear's allegation that Army activities "constituted 'releases' or threatened 'releases' of hazardous substances within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22)" is a legal contention to which no response is required.  To the extent Paragraph 37 contains factual allegations, the United States is without information sufficient to form a belief as to the truth of the allegations and therefore denies them.

38.     The United States answers that, for Paragraph 38, Hi-Shear's allegation that the Army is a "person" and "operator" as defined by CERCLA, 42 U.S.C. § 9601 is a legal contention to which no response is required.  The United States is without information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 38, and therefore denies them.

39.     The United States answers that Paragraph 39 contains legal contentions, to which no response is required.  To the extent Paragraph 39 contains factual allegations that relate to another party, the United States lacks information sufficient to form a belief regarding the truth of the allegations and therefore denies them.

40.     The United States answers that Paragraph 40 contains legal contentions, to which no response is required.  To the extent Paragraph 40 contains factual allegations, the allegations relate to other parties and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

41.     The United States answers that Paragraph 41 contains legal contentions, to which no response is required.  To the extent Paragraph 41 contains factual allegations, the allegations relate to other parties and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

42.     The United States answers that Paragraph 42 contains legal contentions, to which no response is required.  To the extent Paragraph 42 contains factual allegations, the allegations relate to other parties and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

43.     The United States answers that Paragraph 43 contains legal contentions, to which no response is required.  To the extent Paragraph 43 contains factual allegations, the allegations relate to other parties and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

44.     The United States answers that Paragraph 44 contains legal contentions, to which no response is required.  To the extent Paragraph 44 contains

factual allegations, the allegations relate to other parties and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

45.     The United States answers that Paragraph 45 contains legal contentions, to which no response is required.  To the extent Paragraph 45 contains factual allegations, the allegations relate to other parties and the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.

## **FIRST CLAIM FOR RELIEF**

Contribution under CERCLA, 42 U.S.C. § 9613(f)

(Against all Third-Party Defendants and ROES 1-10)

46.     Answering Paragraph 46 of the Third Amended Third-Party Complaint, the United States incorporates by reference its responses to the identified numbered paragraphs, as if fully set forth herein.

47.     The United States answers that Paragraph 47 contains legal contentions, to which no response is required.  To the extent Paragraph 47 contains Hi-Shear's characterization of the City's claims, the City's Complaint speaks for itself.  As to the remaining allegations in Paragraph 47, the United States admits that Hi-Shear, by operating its business on the Hi-Shear Property, has released hazardous substances into the environment that have contaminated the Hi-Shear Property and have migrated from the Hi-Shear Property to the Lexus Property.  As to the remaining allegations in Paragraph 47, the United States lacks knowledge sufficient to form a belief of the truth thereof and therefore denies them.

48.     The United States answers that Paragraph 48 contains legal contentions, to which no response is required.  To the extent Paragraph 48 contains Hi-Shear's characterization of its claims, the United States admits that Hi-Shear

purports to assert its right of contribution against each and every Third-Party Defendant in connection with the contamination alleged in the City's Complaint. To the extent Paragraph 48 contains Hi-Shear's characterization of the City's Complaint, the City's Complaint speaks for itself.  To the extent the allegations in Paragraph 48 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 48 relate to the United States, the United States denies them.

49.     The United States answers that Paragraph 49 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 49 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 49 relate to the United States, the United States denies them.

50.     The United States answers that Paragraph 50 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 50 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 50 relate to the United States, the United States denies them.

51.     The United States answers that Paragraph 51 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 51 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 51 relate to the United States, the United States denies them.

52.    The United States answers that Paragraph 52 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 52 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 52 relate to the United States, the United States denies them.

53.    The United States answers that Paragraph 53 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 53 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 53 relate to the United States, the United States denies them.

## SECOND CLAIM FOR RELIEF

Cost Recovery under CERCLA, 42 U.S.C. § 9607(a)

(Against all Third-Party Defendants and ROES 1-10)

54.    Answering Paragraph 54 of the Third Amended Third-Party Complaint, the United States incorporates by reference its responses to the identified numbered paragraphs, as if fully set forth herein.

55.    The United States answers that Paragraph 55 contains legal contentions, to which no response is required.  To the extent Paragraph 55 contains Hi-Shear's characterization of the City's claims, the City's Complaint speaks for itself.  As to the remaining allegations in Paragraph 55, the United States admits that Hi-Shear, by operating its business on the Hi-Shear Property, has released hazardous substances into the environment that have contaminated the Hi-Shear Property and have migrated from the Hi-Shear Property to the Lexus Property.  As to the remaining allegations in Paragraph 55, the United States lacks knowledge sufficient to form a belief of the truth thereof and therefore denies them.

56.     The United States answers that Paragraph 56 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 56 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 56 relate to the United States, the United States denies them.

57.     The United States answers that Paragraph 57 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 57 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 57 relate to the United States, the United States denies them.

58.     The United States answers that Paragraph 58 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 58 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 58 relate to the United States, the United States denies them.

59.     The United States answers that Paragraph 59 contains legal contentions, to which no response is required.  To the extent Paragraph 59 contains factual allegations, the United States is without information sufficient to form a belief regarding the truth of the allegations and therefore denies them. To the extent the allegations in Paragraph 59 relate to the United States, the United States denies them.

60.     The United States answers that Paragraph 60 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 60 relate to other parties, the United States lacks information sufficient

to form a belief regarding the truth thereof and therefore denies them. To the extent the allegations in Paragraph 60 relate to the United States, the United States denies them.

61.     The United States answers that Paragraph 61 contains legal contentions, to which no response is required.  To the extent Paragraph 61 contains factual allegations, the United States is without information sufficient to form a belief regarding the truth of the allegations and therefore denies them.

62.     The United States answers that Paragraph 62 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 62 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 62 relate to the United States, the United States denies them.

63.     The United States answers that Paragraph 63 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 63 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 63 relate to the United States, the United States denies them.

## **THIRD CLAIM FOR RELIEF**

### Declaratory Relief under CERCLA, 42 U.S.C. § 9613

### (Against all Third-Party Defendants and ROES 1-10)

64.     Answering Paragraph 64 of the Third Amended Third-Party Complaint, the United States incorporates by reference its responses to the identified numbered paragraphs, as if fully set forth herein.

65.     The United States answers that Paragraph 65 consists of legal conclusions and Hi-Shear's characterization of its claims, to which no response is

required.  To the extent a response is required, the United States lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

66.     The United States answers that Paragraph 66 consists of legal contentions, to which no response is required.  To the extent the allegations in Paragraph 66 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 66 relate to the United States, the United States denies them.

67.     The United States answers that Paragraph 67 consists of legal contentions, to which no response is required.  To the extent the allegations in Paragraph 67 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 67 relate to the United States, the United States denies them.

68.     The United States answers that Paragraph 68 contains legal contentions, to which no response is required.  To the extent the allegations in Paragraph 68 relate to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent the allegations in Paragraph 68 relate to the United States, the United States denies them.

69.     The United States answers that Paragraph 69 consists of Hi-Shear's denial that it is responsible for any investigation, testing, removal, other remediation or monitoring of the alleged hazardous substances at or around the Contaminated Properties, to which no response is required.  That denial is a legal contention, to which no response is required.  To the extent a response is required,

the United States lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70.    The United States answers that Paragraph 70 contains legal contentions and a characterization of Hi-Shear's claims, to which no response is required.  The United States admits that Hi-Shear purports to desire a judicial determination of the rights and duties of Hi-Shear, on the one hand, and each of the Third-Party Defendants, on the other hand.  To the extent Paragraph 70 contains factual allegations relating to the United States, the United States denies them.

71.    The United States answers that Paragraph 71 contains legal contentions and a characterization of Hi-Shear's claims, to which no response is required.  The United States admits that Hi-Shear purports to request that this Court enter a declaratory judgment declaring that each of the Third-Party Defendants is liable for costs.  To the extent Paragraph 71 contains factual allegations relating to other parties, the United States lacks information sufficient to form a belief regarding the truth thereof and therefore denies them.  To the extent Paragraph 71 contains factual allegations relating to the United States, the United States denies them.

72.    The United States answers that Paragraph 72 contains legal contentions, to which no response is required.  To the extent a response is required, the United States lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

## FOURTH CLAIM FOR RELIEF

Contribution under Carpenter-Presley-Tanner Hazardous Substances Act,

Cal. Health & Safety Code Sections 25300 et seq.

(Against all Third-Party Defendants, except the Army, and ROE 1-10)

73.     Answering Paragraph 73 of the Third Amended Third-Party Complaint, the United States incorporates by reference its responses to the identified numbered paragraphs, as if fully set forth herein.

74.     The United States answers that Paragraph 74 and the Fourth Claim for Relief do not apply to the United States, so no response is required.

75.     The United States answers that Paragraph 75 and the Fourth Claim for Relief do not apply to the United States, so no response is required.

76.     The United States answers that Paragraph 76 and the Fourth Claim for Relief do not apply to the United States, so no response is required.

77.     The United States answers that Paragraph 77 and the Fourth Claim for Relief do not apply to the United States, so no response is required.

78.     The United States answers that Paragraph 78 and the Fourth Claim for Relief do not apply to the United States, so no response is required.

79.     The United States answers that Paragraph 79 and the Fourth Claim for Relief do not apply to the United States, so no response is required.

80.     The United States answers that Paragraph 80 and the Fourth Claim for Relief do not apply to the United States, so no response is required.

81.     The United States answers that Paragraph 81 and the Fourth Claim for Relief do not apply to the United States, so no response is required.

## **FIFTH CLAIM FOR RELIEF**

Declaratory Relief under Carpenter-Presley-Tanner Hazardous Substances Act, Cal. Health and Safety Code Sections 25300 et seq.

(Against all Third-Party Defendants, except the Army, and ROES 1-10)

82.     Answering Paragraph 82 of the Third Amended Third-Party Complaint, the United States incorporates by reference its responses to the identified numbered paragraphs, as if fully set forth herein.

83.     The United States answers that Paragraph 83 and the Fifth Claim for Relief do not apply to the United States, so no response is required.

84.     The United States answers that Paragraph 84 and the Fifth Claim for Relief do not apply to the United States, so no response is required.

85.     The United States answers that Paragraph 85 and the Fifth Claim for Relief do not apply to the United States, so no response is required.

86.     The United States answers that Paragraph 86 and the Fifth Claim for Relief do not apply to the United States, so no response is required.

87.     The United States answers that Paragraph 87 and the Fifth Claim for Relief do not apply to the United States, so no response is required.

## SIXTH CLAIM FOR RELIEF

### Total Indemnity

(Against all Third-Party Defendants, except the Army, and ROES 1-10)

88.     Answering Paragraph 88 of the Third Amended Third-Party Complaint, the United States incorporates by reference its responses to the identified numbered paragraphs, as if fully set forth herein.

89.     The United States answers that Paragraph 89 and the Sixth Claim for Relief do not apply to the United States, so no response is required.

90.     The United States answers that Paragraph 90 and the Sixth Claim for Relief do not apply to the United States, so no response is required.

## SEVENTH CLAIM FOR RELIEF

### Equitable Indemnity

(Against all Third-Party Defendants, except the Army, and ROES 1-10)

91.     Answering Paragraph 91 of the Third Amended Third-Party Complaint, the United States incorporates by reference its responses to the identified numbered paragraphs, as if fully set forth herein.

92.     The United States answers that Paragraph 92 and the Seventh Claim for Relief do not apply to the United States, so no response is required.

93.     The United States answers that Paragraph 93 and the Seventh Claim for Relief do not apply to the United States, so no response is required.

94.     The United States answers that Paragraph 94 and the Seventh Claim for Relief do not apply to the United States, so no response is required.

95.     The United States answers that Paragraph 95 and the Seventh Claim for Relief do not apply to the United States, so no response is required.

## HI-SHEAR'S PRAYER FOR RELIEF

1.     The United States denies the allegations in Prayer for Relief Paragraph 1, if any, and that Hi-Shear is entitled to any relief.

2.     The United States denies the allegations in Prayer for Relief Paragraph 2, if any, and that Hi-Shear is entitled to any relief.

3.     The United States denies the allegations in Prayer for Relief Paragraph 3, if any, and that Hi-Shear is entitled to any relief.

4.     Prayer for Relief Paragraph 4 does not apply to the United States.  To the extent an answer is required, the United States denies the allegations in Prayer for Relief Paragraph 4, if any, and that Hi-Shear is entitled to any relief.

5.     Prayer for Relief Paragraph 5 does not apply to the United States.  To the extent an answer is required, the United States denies the allegations in Prayer for Relief Paragraph 5, if any, and that Hi-Shear is entitled to any relief.

6.     Prayer for Relief Paragraph 6 does not apply to the United States.  To the extent an answer is required, the United States denies the allegations in Prayer for Relief Paragraph 6, if any, and that Hi-Shear is entitled to any relief.

7.      Prayer for Relief Paragraph 7 does not apply to the United States.  To the extent an answer is required, the United States denies the allegations in Prayer for Relief Paragraph 7, if any, and that Hi-Shear is entitled to any relief.

8.      The United States denies the allegations in Prayer for Relief Paragraph 8, if any, and that Hi-Shear is entitled to any relief.

9.      The United States denies the allegations in Prayer for Relief Paragraph 9, if any, and that Hi-Shear is entitled to any relief.

## GENERAL DENIAL

All allegations not specifically admitted above are denied.

## UNITED STATES' AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available to it, the United States hereby asserts the following:

## FIRST AFFIRMATIVE DEFENSE

Hi-Shear fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Among other things, Hi-Shear has no valid legal claim under CERCLA Section 107, 42 U.S.C. § 9607, or under CERCLA Section 113, 42 U.S.C. § 9613.

## SECOND AFFIRMATIVE DEFENSE

Hi-Shear's claims may be barred in whole or in part by the principles of federal sovereign immunity.

## THIRD AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the applicable statute of limitations including, but not limited to, 42 U.S.C. § 9613(g).

## FOURTH AFFIRMATIVE DEFENSE

The United States is not a liable party under CERCLA under the well-pleaded facts alleged in the Third Amended Third-Party Complaint.  Nor is the

1  United States liable for any costs that result from the cleanup of materials or

2  constituents that are not "hazardous substances" as defined in CERCLA § 101(14),

3  42 U.S.C. § 9601(14).

4  ### FIFTH AFFIRMATIVE DEFENSE

5  Hi-Shear's claims under CERCLA or other law are barred insofar as they

6  seek to recover "costs or removal or remedial actions" that were incurred

7  inconsistent with the National Contingency Plan, as required by CERCLA

8  § 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A).

9  ### SIXTH AFFIRMATIVE DEFENSE

10 Hi-Shear's claims under CERCLA or other law are barred insofar as they

11 seek to recover costs that are not "necessary costs of response" incurred

12 "consistent with the National Contingency Plan," as required by CERCLA

13 § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B).

14 ### SEVENTH AFFIRMATIVE DEFENSE

15 If the United States is found liable to Hi-Shear under CERCLA, Hi-Shear

16 has no claim for joint and several liability.  The United States' liability, if any, is

17 limited to its equitable share of the necessary costs of response incurred consistent

18 with the National Contingency Plan due to Hi-Shear's own CERCLA liability.

19 ### EIGHTH AFFIRMATIVE DEFENSE

20 In an allocation of responsibility under CERCLA, Hi-Shear should recover

21 nothing, or less than its demand, for equitable reasons, including, but not limited

22 to, its own conduct and liability, and the doctrines of unclean hands, estoppel,

23 waiver, release, res judicata, or laches, and considering any efforts and amounts

24 that the United States already has expended or will expend to assist with the

25 investigation or remediation of the alleged contamination at or near the Hi-Shear

26 Facility.

27

28

## NINTH AFFIRMATIVE DEFENSE

Hi-Shear is not entitled to recover because its claims are barred, in whole or in part, by its failure to use or take reasonable measures to avoid, lessen, minimize or mitigate its alleged injuries, damages or costs.

## TENTH AFFIRMATIVE DEFENSE

To the extent that any alleged contamination at the Hi-Shear Facility attributable to the United States is divisible from other contamination at Nike Battery #57, the United States is not liable for costs relating to that other contamination.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Hi-Shear has recovered or will recover any costs from another person or entity, or from the United States under any contract, federal grant, or any statute other than CERCLA, Hi-Shear is precluded by 42 U.S.C. § 9614(b) or equitable principles from receiving reimbursement for those costs from the United States under CERCLA.

## TWELFTH AFFIRMATIVE DEFENSE

Hi-Shear has no valid legal claim for a declaratory judgment under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2).

## THIRTEENTH AFFIRMATIVE DEFENSE

Hi-Shear's claims are barred to the extent that the alleged releases or threatened releases of hazardous substances were caused by an Act of God.

## FOURTEENTH AFFIRMATIVE DEFENSE

Hi-Shear's claims are barred to the extent that the alleged releases or threatened releases of hazardous substances were caused by an Act of War.

## FIFTEENTH AFFIRMATIVE DEFENSE

Hi-Shear's claims are barred to the extent that the alleged releases or threatened releases of hazardous substances were caused by a third party within the meaning of CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3).

## SIXTEENTH AFFIRMATIVE DEFENSE

Hi-Shear's claims are barred to the extent that the alleged releases or threatened releases of hazardous substances were caused by any combination of an Act of God, Act of War, or third party as set forth in CERCLA § 107(b)(4), 42 U.S.C. § 9607(b)(4).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some of the costs purportedly incurred and/or to be incurred by Hi-Shear and claimed under Hi-Shear's Third Amended Third-Party Complaint are not, and will not be "response costs" within the meaning of CERCLA §§ 101(23), (24) and (25), 42 U.S.C. §§ 9601(23), (24), and (25) and applicable common law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Third Amended Third-Party Complaint does not describe the claims or events with sufficient particularity to allow the United States to ascertain what other defenses may exist at this time, and therefore the United States reserves the right to assert all defenses which may pertain to the Third Amended Third-Party Complaint once the precise nature of the claims is ascertained in the future.

## UNITED STATES' REQUEST FOR RELIEF ON AFFIRMATIVE DEFENSES

WHEREFORE, the United States requests that Hi-Shear's Third Amended Third-Party Complaint be dismissed with prejudice, that each of Hi-Shear's requests for relief be denied in their entirety, that the United States be awarded its costs and disbursements in this action, and that the United States be awarded any additional relief the Court deems just and proper under the circumstances.

United States' Answer and Third-Party Counterclaim– 17-CV-07732 DSF (JPRx)

## UNITED STATES' THIRD-PARTY COUNTERCLAIM
## AGAINST HI-SHEAR

While preserving all of its defenses and expressly denying that it is liable to Hi-Shear Corporation ("Hi-Shear") for any matter set forth in the Third Amended Third-Party Complaint, pursuant to the provisions of Fed. R. Civ. P. 13, the United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, and at the request of and on behalf of the United States Department of Defense and Department of the Army, counterclaims against Hi-Shear and alleges as follows:

### PARTIES

1.      Third-Party Counterclaim Plaintiff is the United States of America, on behalf of the United States Department of Defense and Department of the Army (collectively, the "United States").

2.      Third-Party Counterclaim Defendant Hi-Shear is a Delaware corporation doing business as Lisi Aerospace.

### STATEMENT OF THE CASE

3.      This counterclaim is brought against Hi-Shear by the United States pursuant to Section 113(f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613(f)(1).

4.      Hi-Shear was sued by the City of Torrance in this action due to contamination released at Hi-Shear's facility, located at 2600 Skypark Drive, adjacent to the Torrance Airport/Zamperini Field ("Hi-Shear Facility").  Hi-Shear then filed a Third Amended Third-Party Complaint, naming the United States as a third-party defendant under Federal Rule of Civil Procedure 14 and alleging that the United States is a potentially responsible party ("PRP") under CERCLA.  Hi-Shear brings claims against the United States under sections 107 and 113 of CERCLA.

5.     To the extent that Hi-Shear establishes the United States bears any CERCLA liability to Hi-Shear in this action, which is denied, the United States seeks contribution from Hi-Shear on behalf of the named federal agencies in this action, including the United States Department of Defense and Department of the Army.

## JURISDICTION AND VENUE

6.     Federal subject matter jurisdiction exists over this action.  This Court has jurisdiction over this counterclaim, pursuant to Section 113(b) and (e) of CERCLA, 42 U.S.C. §§ 9613(b) and (e), and 28 U.S.C. §§ 1331, 1345, and 1346(c).

7.     Venue is proper in this district under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This action is currently pending in this Court.  The relevant environmental contamination and response actions are in Torrance, California, within the Central District of California.

## CERCLA STATUTORY BACKGROUND

8.     CERCLA imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

9.     PRPs are defined in CERCLA as: (1) owners and operators of facilities at which hazardous substances are located; (2) past owners and operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances.  *See* 42 U.S.C. § 9607(a)(1) - (4).

10.     PRPs are liable for response costs incurred by others, as set forth in CERCLA Section 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B).  CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), also provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under

[Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]." 42 U.S.C. § 9613(f)(1).

11.   CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), further states that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."

## GENERAL ALLEGATIONS

12.   Hi-Shear currently leases the parcel(s) on which the Hi-Shear Facility is located from the City of Torrance.

13.   The Hi-Shear Facility is an approximately 14-acre property bounded to the south-southwest by the Torrance Municipal Airport, to the north-northeast by Skypark Drive, and to the west-northwest by Lowe's Home Improvement Center. The area immediately east of the Hi-Shear facility is occupied by South Bay Lexus Service Department at 24777 Crenshaw Boulevard, Robinson Helicopter at 2540 Skypark Drive, and by Dasco Engineering at the corner of Skypark Drive and Crenshaw Boulevard (24747 Crenshaw Boulevard) just east of Robinson Helicopter facility.

14.   Hi-Shear has continuously leased some portion of the Hi-Shear Facility from the City of Torrance since 1954 and Hi-Shear has occupied the entire portion of the Hi-Shear Facility since at least 2004.

15.   Hi-Shear has managed on a day-to-day basis, and operated the Hi-Shear Facility since 1954.  On-site activities conducted by Hi-Shear include manufacturing fasteners for the aerospace industry.

16.   Hi Shear has operated or owned a facility from which hazardous substances were released and arranged for the disposal of the hazardous substances into the environment, under 42 U.S.C. § 9607.

17.     The United States leased four tracts, totaling 186 acres, from the City of Torrance at the Torrance Airport beginning in approximately 1955 for use as a Nike Missile battery ("Nike Battery #57). 171 of the 186 acres were safety area easements and line of sight easements. The actual launch site was contained to just 15 acres at the east end of the Torrance Airport. The launch site was to the southeast of the Hi-Shear Facility. Nike Battery #57 was decommissioned in 1963.

18.     Regional groundwater flow at the Hi-Shear Facility is west to east. The flow pattern is maintained by groundwater injection along the West Coast Basin Barrier Project ("WCBBP") to the west of the Hi-Shear Facility and groundwater withdrawal to the east. In the 1950s, the region in which the Hi-Shear Facility is located experienced high-saline groundwater due to over-extraction of the natural groundwater supply. Completed in 1969, the WCBBP prevents seawater from contaminating the groundwater by injecting freshwater to form a protective pressure ridge. From the start of the WCBBP to the present, the groundwater gradients at the Hi-Shear Facility have conformed to this eastward flow.

19.     The City of Torrance, in this lawsuit, has alleged that, in the course of conducting its business and operations in, on, and in the vicinity of the Hi-Shear Facility, Hi-Shear received, stored, used, generated, transported, released, discharged, and/or disposed of various "hazardous substance," and "toxic chemicals," as defined under CERCLA, including halogenated volatile organic compounds ("VOCs") like trichloroethylene ("TCE") and perchloroethylene ("PCE").

20.     Other Hazardous Substances detected at the Hi-Shear Facility include 1,1-dichloroethene (1,1-DCE), 1,1,1-trichloroethane, cis-1,2-dichloroethene (cis-1,2-DCE), trans-1,2-dichloroethene, 1,2-dichloroethane, 1,1,2-trichloroethane,

vinyl chloride, benzene, toluene, and ethylbenzene.  Hexavalent chromium, 1,4-dioxane, and perchlorate have also been detected.

21.    The City of Torrance alleges that the Hazardous Substances exists in the soil, soil vapor, and groundwater, within the Hi-Shear Facility and was caused in whole or in part by Hi-Shear's actions, inactions, and/or omissions at, and in the vicinity of, the Hi-Shear Facility.

22.    The City also alleges that the Hazardous Substances Hi-Shear has released at the Hi-Shear Facility has migrated to other property owned by the City, including properties currently occupied by Robinson Helicopter, Dasco Engineering, and South Bay Lexus.  All of these properties are to the east of the Hi-Shear Facility.

23.    The United States is a "person" within the meaning of CERCLA Sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

24.    Hi-Shear is a "person" within the meaning of CERCLA Section 101(21) and 101(27), 42 U.S.C. §§ 9601(21) and 9601(27).

25.    The Hi-Shear Facility, including the site itself and any buildings, structures, installations, equipment, pipes, pipelines, storage containers, motor vehicles or aircraft, are "facilities," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

26.    During the time that Hi-Shear owned and operated the Hi-Shear Facility, the City of Torrance alleges there have been "releases" or "threatened releases" of hazardous substances into the soil and groundwater at or from Hi-Shear Facility, within the meaning of CERCLA Sections 101(22), and 107(a), 42 U.S.C. §§ 9601(22), and 9607(a).  If the City establishes this allegation then Hi-Shear is liable within the meaning of CERCLA.

## COUNTERCLAIM: CERCLA § 9613(f)

27.    The United States incorporates by reference, as if fully set forth herein, Paragraphs 1 through 26 of this Counterclaim.

28.    This is a civil CERCLA action in which Hi-Shear is seeking to recover alleged costs from the United States pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a) and CERCLA Section 113.  The United States asserts that Hi-Shear is liable under CERCLA in contribution to the United States.  Even if Hi-Shear prevails on its third-party claims against the United States, it is not entitled to joint and several liability against the United States and must establish that it is paid more than its fair share of the alleged response costs.

29.    Given Hi-Shear's own liability for the conditions at the Hi-Shear Facility, Hi-Shear is subject to the United States' equitable claims for contribution under 42 U.S.C. § 9613 in an amount equal to Hi-Shear's fair share of liability. Hi-Shear cannot seek joint or disproportionate liability against the United States or any other person.

30.    The United States denies that it is liable to Hi-Shear, as alleged, in this action.  However, if any liability is found with respect to the United States, the Court should allocate response costs among liable parties, including Hi-Shear, using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief in the favor of the United States under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## UNITED STATES' REQUEST FOR RELIEF ON COUNTERCLAIM

WHEREFORE, the United States, respectfully requests that this Court:

1.    Dismiss Hi-Shear's Third Amended Third-Party Complaint.

2.    If the United States is found liable in this matter, enter a judgment in favor of the United States on the United States' counterclaim based on Hi-Shear's liability and equitably allocate all response costs for the Site to Hi-Shear; and

3.      Grant the United States such other and further relief on this counterclaim as the Court deems just and proper.

Respectfully submitted this 8th day of February, 2019.

s/ Michael C. Martinez
MICHAEL C. MARTINEZ
United States Department of Justice
Environment & Natural Resources Division

Attorneys for Third-Party Defendant
United States of America