ERIN K. POPPLER, ESQ. (SBN 267724)
epoppler@behblaw.com
FARHEENA A. HABIB, ESQ. (SBN 243405)
fhabib@behblaw.com
BARRY D. BRYAN, ESQ. (SBN 301416)
bbryan@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Third Party Defendant
DCH TL HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF TORRANCE,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>HI-SHEAR CORPORATION, A DELAWARE CORPORATION, d/b/a LISI AEROSPACE, ET AL. ,<br><br>　　　　　Defendants. | Case No. 2:17-cv-07732-DSF-JPR<br><br>**DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S THIRD AMENDED THIRD PARTY COMPLAINT** |

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

Third Party Defendant <u>DCH TL HOLDINGS, LLC</u> ("DCH"), files this answer and counter-claim to the Third Amended Third Party Complaint ("TATPC") of Defendant, Counter-Claimant, Cross-Claimant, and Third-Party Plaintiff <u>HI-SHEAR CORPORATION, a Delaware corporation, d/b/a LISI AEROSPACE</u> ("Hi-Shear") against them (ECF Dkt. No. 206), as follows:

## STATEMENT OF THE ACTION

1.      DCH admits, on information and belief, the averment in paragraph 1 that relevant pleadings were filed but denies the truth of the averments contained therein.  The remaining allegations of paragraph 1 contain legal conclusions that do not require an admission or denial.

2.      DCH admits, on information and belief, the averment in paragraph 2 regarding the relationship of the claims to the real property described but denies the truth of the averments contained therein.  The remaining allegations of paragraph 2 contain legal conclusions that do not require an admission or denial. DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 2 and, on that basis, denies them.

3.      DCH admits that it leases part of the real property characterized as the Lexus Property.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 3 and, on that basis, denies them.

4.      Paragraph 4 provides a definition of properties previously discussed, and as this paragraph contains no allegations no response is required.

5.      DCH admits, on information and belief, the averment in paragraph 5 that relevant pleadings were filed but denies the truth of the averments contained therein.  The remaining allegations of paragraph 5 contain legal conclusions that do not require an admission or denial.

6.      DCH admits the allegations in paragraph 6.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

7.     DCH admits, on information and belief, the claims discussed in paragraph 7 were made but denies the truth of the averments contained therein. The remaining allegations of paragraph 7 contain legal conclusions that do not require an admission or denial.

8.     DCH admits, on information and belief, the claims discussed in paragraph 8 were made but denies the truth of the averments contained therein. The remaining allegations of paragraph 8 contain legal conclusions that do not require an admission or denial.

## JURISDICTION AND VENUE

9.     The allegations contained in paragraph 9 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 9 and, on that basis, denies them.

10.    The allegations contained in paragraph 10 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 10 and, on that basis, denies them.

## PARTIES

11.    DCH is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 and, on that basis, denies them.

12.    The allegations contained in paragraph 12 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 12 and, on that basis, denies them.

13.    The allegations contained in paragraph 13 are legal conclusions to which no response is required.  DCH is without knowledge or information

2614823

3

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

sufficient to form a belief as to the truth of the remaining averments in paragraph 13 and, on that basis, denies them.

14. The allegations contained in paragraph 14 are legal conclusions to which no response is required. DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 14 and, on that basis, denies them.

15. The allegations contained in paragraph 15 are legal conclusions to which no response is required. DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 15 and, on that basis, denies them.

16. The allegations contained in paragraph 16 are legal conclusions to which no response is required. DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 16 and, on that basis, denies them.

17. The allegations contained in paragraph 17 are legal conclusions to which no response is required. DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 17 and, on that basis, denies them.

18. The allegations contained in paragraph 18 are legal conclusions to which no response is required. DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 18 and, on that basis, denies them.

19. The allegations contained in paragraph 19 are legal conclusions to which no response is required. DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 19 and, on that basis, denies them.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

20.     The allegations contained in paragraph 20 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 20 and, on that basis, denies them.

21.     The allegations contained in paragraph 21 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 21 and, on that basis, denies them.

22.     The allegations contained in paragraph 22 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 22 and, on that basis, denies them.

23.     The allegations contained in paragraph 23 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 23 and, on that basis, denies them.

24.     The allegations contained in paragraph 24 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 24 and, on that basis, denies them.

25.     The allegations contained in paragraph 25 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 25 and, on that basis, denies them.

26.     The allegations contained in paragraph 26 are legal conclusions to which no response is required.  DCH is without knowledge or information

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

sufficient to form a belief as to the truth of the remaining averments in paragraph 26 and, on that basis, denies them.

27.   The allegations contained in paragraph 27 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 27 and, on that basis, denies them.

28.   The allegations contained in paragraph 28 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 28 and, on that basis, denies them.

29.   The allegations contained in paragraph 29 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 29 and, on that basis, denies them.

30.   The allegations contained in paragraph 30 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 30 and, on that basis, denies them.

31.   The allegations contained in paragraph 31 are legal conclusions to which no response is required.  DCH admits that it currently conducts business activities on part of the Lexus Property, and has done so since approximately 2005. DCH denies the factual allegations in Paragraph 31 except as specifically admitted.

32.   The allegations contained in paragraph 32 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 32 and, on that basis, denies them.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

33.     The allegations contained in paragraph 33 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 33 and, on that basis, denies them.

34.     DCH is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 and, on that basis, denies them.

35.     DCH is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 35 and, on that basis, denies them.

36.     The allegations contained in paragraph 36 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 36 and, on that basis, denies them.

37.     The allegations contained in paragraph 37 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 37 and, on that basis, denies them.

38.     The allegations contained in paragraph 38 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 38 and, on that basis, denies them.

39.     The allegations contained in paragraph 39 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 39 and, on that basis, denies them.

40.     The allegations contained in paragraph 40 are legal conclusions to which no response is required.  DCH is without knowledge or information

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

1  sufficient to form a belief as to the truth of the remaining averments in paragraph
2  40 and, on that basis, denies them.

3       41.    The allegations contained in paragraph 41 are legal conclusions to
4  which no response is required.  DCH is without knowledge or information
5  sufficient to form a belief as to the truth of the remaining averments in paragraph
6  41 and, on that basis, denies them.

7       42.    The allegations contained in paragraph 42 are legal conclusions to
8  which no response is required.  DCH is without knowledge or information
9  sufficient to form a belief as to the truth of the remaining averments in paragraph
10  40 and, on that basis, denies them.

11       43.    The allegations contained in paragraph 43 are legal conclusions to
12  which no response is required.  DCH is without knowledge or information
13  sufficient to form a belief as to the truth of the remaining averments in paragraph
14  43 and, on that basis, denies them.

15       44.    The allegations contained in paragraph 44 are legal conclusions to
16  which no response is required.  DCH is without knowledge or information
17  sufficient to form a belief as to the truth of the remaining averments in paragraph
18  44 and, on that basis, denies them.

19       45.    The allegations contained in paragraph 45 are legal conclusions to
20  which no response is required.  DCH is without knowledge or information
21  sufficient to form a belief as to the truth of the remaining averments in paragraph
22  45 and, on that basis, denies them.

### FIRST CLAIM FOR RELIEF

### Contribution under CERCLA, 42 U.S.C. § 9613(f)

### (Against all Third-Party Defendants and ROES 1-10)

26       46.    DCH incorporates by reference its responses to the foregoing
27  paragraphs as if fully set forth herein to respond to paragraph 46.

28  2614823

---

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-
SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

47.     The allegations contained in paragraph 47 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 47 and, on that basis, denies them.

48.     The allegations contained in paragraph 48 are legal conclusions to which no response is required.

49.     The allegations contained in paragraph 49 are legal conclusions to which no response is required.

50.     The allegations contained in paragraph 50 are legal conclusions to which no response is required.

51.     The allegations contained in paragraph 51 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 51 and, on that basis, denies them.

52.     The allegations contained in paragraph 52 are legal conclusions to which no response is required.

53.     The allegations contained in paragraph 53 are legal conclusions to which no response is required.

## SECOND CLAIM FOR RELIEF

### Contribution under CERCLA, 42 U.S.C. § 9607(a)

### (Against all Third-Party Defendants and ROES 1-10)

54.     DCH incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein to respond to paragraph 54.

55.     The allegations contained in paragraph 55 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 55 and, on that basis, denies them.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

56.     The allegations contained in paragraph 56 are legal conclusions to which no response is required.

57.     The allegations contained in paragraph 57 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 57 and, on that basis, denies them.

58.     The allegations contained in paragraph 58 are legal conclusions to which no response is required.

59.     The allegations contained in paragraph 59 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 59 and, on that basis, denies them.

60.     The allegations contained in paragraph 60 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 60 and, on that basis, denies them.

61.     The allegations contained in paragraph 61 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 61 and, on that basis, denies them.

62.     The allegations contained in paragraph 62 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 62 and, on that basis, denies them.

63.     The allegations contained in paragraph 63 are legal conclusions to which no response is required.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

# THIRD CLAIM FOR RELIEF

## Declaratory Relief under CERCLA, 42 U.S.C. § 9613

## (Against all Third-Party Defendants and ROES 1-10)

64.     DCH incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein to respond to paragraph 64.

65.     The allegations contained in paragraph 65 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 65 and, on that basis, denies them.

66.     The allegations contained in paragraph 66 are legal conclusions to which no response is required.

67.     The allegations contained in paragraph 67 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 67 and, on that basis, denies them.

68.     The allegations contained in paragraph 68 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 68 and, on that basis, denies them.

69.     The allegations contained in paragraph 69 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 69 and, on that basis, denies them.

70.     DCH acknowledges that the claims discussed in paragraph 70 have been made in this action.  The allegations contained in paragraph 70 are legal conclusions to which no response is required.  DCH is without knowledge or

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

information sufficient to form a belief as to the truth of the remaining averments in paragraph 70 and, on that basis, denies them.

71.     DCH acknowledges that the claims discussed in paragraph 71 have been made in this action.  The allegations contained in paragraph 71 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 71 and, on that basis, denies them.

72.     The allegations contained in paragraph 72 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 72 and, on that basis, denies them.

## FOURTH CLAIM FOR RELIEF

**Contribution under Carpenter-Presley-Tanner Hazardous Substances Act, Cal. Health & Safety Code Sections 25300 *et seq.***

**(Against all Third-Party Defendants, except the Army and ROES 1-10)**

73.     DCH incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein to respond to paragraph 73.

74.     The allegations contained in paragraph 74 are legal conclusions to which no response is required.

75.     DCH is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 75 and, on that basis, denies them.

76.     DCH acknowledges that the claims discussed in paragraph 76 have been made in this action.  The allegations contained in paragraph 76 are legal conclusions to which no response is required.

77.     DCH acknowledges that the claims discussed in paragraph 77 have been made in this action.  The allegations contained in paragraph 77 are legal conclusions to which no response is required.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

78.     DCH acknowledges that the claims discussed in paragraph 78 have been made in this action.  The allegations contained in paragraph 78 are legal conclusions to which no response is required.

79.     The allegations contained in paragraph 79 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 79 and, on that basis, denies them.

80.     The allegations contained in paragraph 80 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 80 and, on that basis, denies them.

81.     DCH acknowledges that the claims discussed in paragraph 81 have been made in this action.  The allegations contained in paragraph 81 are legal conclusions to which no response is required.

## FIFTH CLAIM FOR RELIEF

**Declaratory Relief under Carpenter-Presley-Tanner Hazardous Substances Act, Cal. Health & Safety Code Sections 25300 *et seq.***

**(Against all Third-Party Defendants, except the Army and ROES 1-10)**

82.     DCH incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein to respond to paragraph 82.

83.     The allegations contained in paragraph 83 are legal conclusions to which no response is required.

84.     DCH acknowledges that the claims discussed in paragraph 84 have been made in this action.  The allegations contained in paragraph 84 are legal conclusions to which no response is required.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

85.     DCH acknowledges that the claims discussed in paragraph 85 have been made in this action.  The allegations contained in paragraph 85 are legal conclusions to which no response is required.

86.     DCH acknowledges that the claims discussed in paragraph 86 have been made in this action.  The allegations contained in paragraph 86 are legal conclusions to which no response is required.

87.     The allegations contained in paragraph 87 are legal conclusions to which no response is required.

## SIXTH CLAIM FOR RELIEF

### Total Indemnity

### (Against all Third-Party Defendants, except the Army and ROES 1-10)

88.     DCH incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein to respond to paragraph 88.

89.     The allegations contained in paragraph 89 are legal conclusions to which no response is required.

90.     The allegations contained in paragraph 90 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 89 and, on that basis, denies them.

## SEVENTH CLAIM FOR RELIEF

### Total Indemnity

### (Against all Third-Party Defendants, except the Army and ROES 1-10)

91.     DCH incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein to respond to paragraph 91.

92.     The allegations contained in paragraph 92 are legal conclusions to which no response is required.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

93.     The allegations contained in paragraph 93 are legal conclusions to which no response is required.  DCH is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 93 and, on that basis, denies them.

94.     The allegations contained in paragraph 94 are legal conclusions to which no response is required.

95.     The allegations contained in paragraph 95 are legal conclusions to which no response is required.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.     The TATPC and each claim therein fail to state a claim upon which relief can be granted against DCH.

**SECOND AFFIRMATIVE DEFENSE**

**(Standing)**

2.     Hi-Shear lacks standing to bring this action.

**THIRD AFFIRMATIVE DEFENSE**

**(Uncertainty)**

3.     The TATPC and each claim therein is uncertain.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4.     The TATPC and each claim therein is barred by the applicable statute of limitations, including, but not limited to, 42 U.S.C. § 9613(g); 28 U.S.C. § 2462; and California Code of Civil Procedure §§ 312 through 366.

///

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     The TATPC and each claim therein is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.     Hi-Shear waived each and every cause of action claimed.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     By virtue of the acts, conduct and omissions of Hi-Shear, Hi-Shear is estopped from asserting the claims to which the TATPC alleges.

## EIGHTH AFFIRMATIVE DEFENSE

### (Discharge by Bankruptcy)

8.     The claims alleged in the TATPC are barred due to a bankruptcy release.

## NINTH AFFIRMATIVE DEFENSE

### (Contributory or Comparative Fault)

9.     DCH is informed and believes and on such basis avers that persons or entities other than DCH caused or contributed to damages, if any, allegedly suffered by Hi-Shear by negligence or other wrongful conduct and said acts or omissions eliminate or comparatively reduce the percentage of liability, if any, of DCH by virtue of the doctrine of comparative negligence.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

10.     DCH is informed and believes and on such basis alleges that Hi-Shear knowingly and voluntarily assumed the risk, if any, of the damages to which the TATPC alleges.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

11.     DCH is not liable to Hi-Shear because of the subsequent and intervening acts of Hi-Shear, other defendants, other third parties and/or acts of God, all of which caused the damages, if any, to which the TATPC alleges.

## TWELFTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

12.     Hi-Shear cannot prove any facts showing that the conduct of DCH was the cause in fact of any threatened or actual releases of hazardous substances or hazardous wastes to which the TATPC alleges.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause/Substantial Factor)

13.     Hi-Shear cannot prove any facts showing that the conduct of DCH was the proximate cause of, or a substantial factor in, any threatened or actual releases of hazardous substances or hazardous wastes to which the TATPC alleges.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel/Equitable Indemnity)

14.     The TATPC and each claim are barred by the doctrines of equitable estoppel and equitable indemnity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable or Necessary Parties)

15.     Hi-Shear has failed to join all necessary and/or indispensable parties needed for a just adjudication of the subject matter of this action.

///

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

16.    Hi-Shear has failed to mitigate their damages, if any, in connection with the matter referred to in the TATPC, which failure to mitigate bars and/or diminishes Hi-Shear's recovery, if any, against DCH.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Due Care - Conformance With Laws)

17.    At all times relevant herein, DCH acted reasonably and with due care, complied with all statutory, regulatory, and common law requirements in connection with activities that are the subject matter of this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Response Costs)

18.    The costs incurred or to be incurred do not constitute recoverable response, remedial, or removal costs within the meaning of CERCLA, and are unreasonable, unnecessary, and inconsistent with the National Contingency Plan. Therefore, such costs are not recoverable.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Act of God, War or Third Party)

19.    The release or threatened release of hazardous substances was caused solely by one or more acts of God, an act of war, by the acts or omissions of a third party or parties, other than DCH, or an agent of DCH, and with whom DCH had no contractual agreements.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Liability for Future Costs)

20.    Hi-Shear cannot recover future costs as this is inconsistent with CERCLA 42 U.S.C. §9607(a)(4).

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Joint and Several Liability)

21.     DCH is not jointly and severally liable for any damage alleged in the TATPC because any effect of any act or omission of DCH or any other defendant is divisible and distinct from any compensable damage, if any, incurred by Hi-Shear.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Joint and Several Liability Improper)

22.     The TATPC and each claim therein is barred because they failed to state a claim or set forth facts sufficient to support a finding of joint and several liability against DCH.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

23.     DCH did not cause any damage to Hi-Shear. As such, any recovery by Hi-Shear is barred, in whole or in part, under the principles of setoff, recoupment, and or/unjust enrichment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Offset)

24.     If Hi-Shear is held entitled to recover any costs or damages against DCH, which entitlement DCH denies, such recovery must be reduced and offset by: (1) any amount previously obtained for any damages alleged in the TATPC, by Hi-Shear, from any person and; (2) the equitable share of the liability of any person or entity from which Hi-Shear previously received payment, whether by direct payment, or by offset, or a release from contribution or covenant not to sue with respect to any of the damages to which the TATPC alleges.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Incur Response Costs)

25.    Hi-Shear has failed to incur necessary and recoverable response costs before filing suit.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Preemption of State Claims)

26.    Hi-Shear's state law claims are preempted by federal law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Violation of Regulatory Standards)

27.    The TATPC and each claim therein is barred to the extent their costs, if any, were incurred as a violation of regulatory standards or failure to cooperate with public officials.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Meet Prerequisites)

28.    The TATPC and each cause of action therein is barred in whole or in part to the extent that Hi-Shear failed to meet the statutory and legislative prerequisites for filing and maintaining a lawsuit under CERCLA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

29.    DCH has substantially complied with the requirements of state law as they pertain to this lawsuit and such substantial compliance bars Hi-Shear's claims.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Substantial Factor)

30.    Any acts or omissions, if any, of DCH were not substantial factors in bringing about the alleged damages and were not a contributing cause thereof, but were superseded by the acts or omissions of third parties, which were independent intervening and the proximate cause of any damages suffered by Hi-Shear.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Perform Obligations)

31.     The claims for relief averred in the TATPC are barred, in whole or in part, by Hi-Shear's failure to perform their obligations owed to DCH or to other third parties and such obligations were not excused, prevented or waived.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Due Care)

32.     DCH exercised due care with respect to all matters averred in the TATPC.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Speculative Damages)

33.     Hi-Shear's damages, if any, are speculative and may not be recovered.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

34.     Hi-Shear is not entitled to recover attorneys' fees with respect to any of Hi-Shear's claims against DCH.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset of Voluntary Investigation/Remediation)

35.     If DCH is adjudged liable to Hi-Shear, which liability is expressly denied, DCH is entitled to offset any damages awarded by the amount of costs and fees incurred by DCH in its voluntary investigation and remediation of the property at issue here.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Obligations Satisfied)

36.     Any obligations DCH owed to Hi-Shear have been satisfied, released or otherwise discharged. Therefore, Hi-Shear has suffered no damages and is not entitled to bring this action.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Cost Recovery Under CERCLA)

37.     Hi-Shear is not entitled to the cost recovery sought under Section 107 of CERCLA, 42 U.S.C. § 9607 *et seq.*, because Hi-Shear is not an innocent party.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Causation – Not Fairly Traceable)

38.     The conditions described in the TATPC are not "fairly traceable" to DCH's acts or omissions.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Full Performance under Permits, Standards, Regulations)

39.     DCH alleges that it has fully performed each and every obligation arising under each of the permits, standards, regulations, conditions, requirements, prohibitions, or orders required by law, or any implementing regulations, or judicial interpretations thereof, thus the TATPC fails to state a claim against DCH premised upon violation of any such law.

## FORTIETH AFFIRMATIVE DEFENSE

### (Abstention)

40.     The matters averred in the TATPC are subject to ongoing agency enforcement, thus the Court should abstain from exercising primary jurisdiction over such matters.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

41.     With respect to declaration or equitable relief requested by Hi-Shear, Hi-Shear has adequate remedies at law and are therefore not entitled to any such relief whatsoever.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (De Minimis Harm)

42.     The TATPC and each claim therein is barred on the ground that the contribution of DCH to the alleged contamination, if any, is de minimis.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Conditions Precedent)

43.     Hi-Shear has failed to perform conditions precedent necessary to commence this action against DCH.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Mistake)

44.     Hi-Shear's claims are barred by their mistake of fact and/or by third party mistake of fact.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

45.     Hi-Shear's claims are barred because the parties have previously agreed to settle the claims alleged in the TATPC, and each of them.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Remedial Actions Not Cost Effective)

46.     Hi-Shear is not entitled to recovery of remedial costs from DCH because Hi-Shear's alleged remedial actions were not and are not "cost effective" pursuant to CERCLA, 42 U.S.C. § 9621.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

47.     Hi-Shear's claims are barred by the doctrine of laches.

///

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

48.    Hi-Shear's claims are barred by the doctrine of res judicata and collateral estoppel to the extent that prior judgments and orders affecting Hi-Shear's claims have been rendered in this and other matters.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Set Off)

49.    If the Court enters an order requiring DCH to pay damages, losses, or costs to Hi-Shear, then DCH is entitled to a setoff or recoupment against Hi-Shear in an amount reflecting the damages suffered by DCH as a result of Hi-Shear's responsibility for the damages or losses alleged in the TATPC.

## FIFTITETH AFFIRMATIVE DEFENSE

### (Bona Fide Prospective Purchaser)

50.    DCH is not liable in this action as it is a bona fide prospective purchaser of the subject property as defined in 42 U.S.C. § 9601.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

51.    DCH presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses.  DCH reserves the right to assert and rely on any additional affirmative defenses that may become available or apparent during discovery proceedings and/or trial.

## COUNTER-CLAIM

Third-Party Defendant and Counterclaim-Plaintiff, DCH TL HOLDINGS, LLC ("DCH"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, states this counter-claim to the Third Amended Third Party Complaint ("TATPC") of Defendant, Counter-Claimant, Cross-Claimant, and Third-Party Plaintiff HI-

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

SHEAR CORPORATION, a Delaware corporation, d/b/a LISI AEROSPACE ("Hi-Shear") against them (ECF Dkt. No. 206), as follows:

## PARTIES

1.      DCH is a lessee of certain real property located at the Lexus Property as defined in the TATPC.

2.      DCH alleges, on information and belief, that Hi-Shear is the current lessee14 acres of real property located at 2600 Skypark Drive, Torrance, CA.

## JURISDICTION

3.      Jurisdiction over DCH's counterclaims is based on 28 U.S.C. § 1331 and on 42 U.S.C. § 9613(b).  These counterclaims are brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), and arising out of contamination at and emanating from the Contaminated Properties as defined in the TATPC. Jurisdiction of state law claims is based on 28 U.S.C. § 1367(a).  These state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) as the alleged acts and omissions relate to hazardous waste and hazardous substances in the environment and emanating from the Property, which is part of this District.

## DESCRIPTION OF ACTION/FACTUAL ALLEGATIONS

5.      Without admitting any of the allegations except as set forth in DCH's Answer to Hi-Shear's TATPC, DCH incorporates herein Hi-Shear's TATPC for the sole purpose of setting forth the allegations of Hi-Shear to which these Counterclaims relate.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

6.     DCH denies that it is liable to Hi-Shear and denies that Hi-Shear is entitled to any relief against DCH as requested or otherwise.

7.     DCH's Counterclaims are being filed and served in accordance with Rule 13 of the Federal Rules of Civil Procedure.

## FIRST COUNTERCLAIM AGAINST COUNTER-DEFENDANT
### (CONTRIBUTION PURSUANT TO CERCLA SECTION 113)

8.     DCH refers to and incorporates herein by reference Paragraphs 1 through 7 of these Counterclaims as though fully set forth herein.

9.     DCH did not contribute the alleged contamination at the Contaminated Properties.

10.     DCH is informed and believes, and on that basis alleges, that Hi-Shear is responsible for the alleged contamination for the Contaminated Properties as a current operator.

11.     To the extent any party has incurred recoverable response costs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some or all of those costs against DCH pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution claim against DCH for such costs incurred by another party pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), DCH is entitled to one-hundred percent (100%) contribution, or contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), from Hi-Shear.

## SECOND COUNTERCLAIM AGAINST COUNTER-DEFENDANT
### (DECLARATORY RELIEF UNDER FEDERAL LAW)

12.     DCH refers to and incorporates herein by reference Paragraphs 1 through 11 of these Counterclaims as though fully set forth herein.

13.     DCH is entitled to and hereby seeks a declaratory judgment, pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), of Hi-Shear's liability to DCH

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

all Response Costs incurred or to be incurred by DCH for the Property and for responding to the "releases" and/or "threatened releases" of wastes and adverse environmental consequences at issue herein.

14.     DCH is entitled to, and hereby seeks, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of DCH's right to reimbursement from and indemnification by Hi-Shear for all costs, jointly and severally, which DCH may incur resulting from Hi-Shear's contribution to "release" of wastes into the environment.

### THIRD COUNTERCLAIM AGAINST COUNTER-DEFENDANT
### (DECLARATORY RELIEF UNDER STATE LAW)

15.     DCH refers to and incorporates herein by reference Paragraphs 1 through 14 of these Counterclaims as though fully set forth herein.

16.     DCH is informed and believes, and on that basis alleges, that all legal liability, whether arising from federal or state statutory law, or from common law, which may in the future be asserted by any entity or individual, arising from or related to the contamination of and at the Property, as alleged, is the sole and actual and/or joint and several liability of Hi-Shear.  Therefore, DCH is entitled to a judicial declaration that Hi-Shear is liable to indemnify DCH for all future damages and costs that may be suffered by DCH as a result of the contamination at the Property, or, in the alternative, that Hi-Shear are liable to contribute to and reimburse DCH for such damages and costs including, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees.

### FOURTH COUNTERCLAIM AGAINST COUNTER-DEFENDANT
### (EQUITABLE INDEMNIFICATION)

17.     DCH refers to and incorporates herein by reference Paragraphs 1 through 16 of these Counterclaims as though fully set forth herein.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

18.     As a direct and proximate result of Hi-Shear's acts or omissions, DCH has been and will be required to act in the protection of his own interests by defending against the TATPC filed in this action, by bringing these Counterclaims.

19.     DCH is without fault with respect to the matters alleged in the TATPC and any other claim or action arising directly or indirectly from the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property.  To the extent DCH has any liability for any relief sought in any judicial or administrative proceedings brought against them by any persons or entities with regard to the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property, including without limitation, the pending TATPC, such liability is purely secondary, imputed, vicarious or technical, and primary liability attaches to Hi-Shear and is attributable to Hi-Shear's acts or omissions.

20.     DCH is informed and believes, and on that basis alleges, that Hi-Shear is responsible to indemnify DCH for any liability arising from Hi-Shear's acts or omissions.  DCH further alleges that Hi-Shear are either totally or partially liable. If total, DCH is entitled to total indemnity from Hi-Shear for any liability that may be assessed against DCH arising directly or indirectly from contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property.  If partial, Hi-Shear are in some manner partially responsible for said liability and in equity must reimburse DCH for any liability assessed by the Court, based on Hi-Shear's own fault for the alleged liability arising directly or indirectly from contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property.

///

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

## FIFTH COUNTERCLAIM AGAINST COUNTER-DEFENDANT
## (CONTRIBUTION)

21.     DCH refers to and incorporates herein by reference Paragraphs 1 through 20 of these Counterclaims as though fully set forth herein.

22.     DCH denies all liability with respect to the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Contaminated Properties.  However, Hi-Shear have alleged that DCH is liable under a variety of legal theories.  To the extent that DCH may have any liability for any relief sought in any judicial or administrative proceedings brought against it in by any persons or entities with regard to contamination of the soil and/or groundwater in, at, around and underlying the Property, including without limitation, Hi-Shear's TATPC, Hi-Shear is liable to DCH for contribution for all costs, expenses or damages incurred or awarded in legal or administrative actions, clean-up costs, attorneys' fees and consultants' fees, and costs of litigation.

## SIXTH COUNTERCLAIM AGAINST COUNTER-DEFENDANT
## (CONTRIBUTION UNDER HAZARDOUS SUBSTANCES ACCOUNT ACT)

23.     DCH refers to and incorporates herein by reference Paragraphs 1 through 22 of these Counterclaims as though fully set forth herein.

24.     DCH is informed and believes, and on that basis alleges, that Hi-Shear is a "person," as defined in the HSAA, Cal. Health & Safety Code section 25319.

25.     DCH is informed and believes, and on that basis alleges, that Hi-Shear is a "responsible part[y]" as defined in Cal. Health and Safety Code section 25323.5 and CERCLA § 107(a), 42 U.S.C. section 9607(a).

26.     DCH is informed and believes, and on that basis alleges, that Hi-Shear is the Property owner.

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

27.     DCH has and may in the future be compelled to incur attorney's fees, costs, expenses, and in the future may incur liability by reasons of settlement, judgment and/or defense in this action.

28.     DCH may in the future be compelled to incur future costs necessary to monitor, assess, and evaluate the release or threatened release of hazardous substances at, and near, the Property and surrounding areas.

29.     DCH is informed and believes, and on that basis alleges, that Hi-Shear is liable under the HSAA resulting from the release and/or threatened release of hazardous substances at the Property.  Accordingly, DCH is entitled to contribution from Hi-Shear, up to an amount to be proven at trial or otherwise, pursuant to California Health and Safety Code section 25363.

30.     Upon the filing of this Counterclaim, or at such time as is required, DCH will give written notice to the Director of the California Environmental Protection Agency, Department of Toxic Substances Control, pursuant to Health & Safety Code section 25363(e).

## PRAYER

WHEREFORE, DCH prays as follows:

1.     That the relief sought by way of the prayer for relief in the TATPC is denied in its entirety;

2.     That Hi-Shear takes nothing by its action;

3.     That the TATPC as averred against DCH be dismissed in its entirety;

4.     That DCH be awarded its costs, expert consultants' fees, witness fees, and reasonable attorneys' fees incurred in defense of this action;

5.     For such other relief as the Court deems just and proper;

6.     For contribution under CERCLA section 113(f), 42 U.S.C. § 9613(f), from Hi-Shear, if DCH is found liable under CERCLA;

2614823

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

7.      For recovery from Hi-Shear for all response costs that will be incurred by DCH in response to the release and threatened release of hazardous substances at the Property and in the enforcement of CERCLA's statutory liability scheme, according to proof at trial;

8.      For a declaration that Hi-Shear are obligated to pay to DCH all future response costs and any other costs incurred by DCH hereafter in response, removal or remediation efforts incurred;

9.      For incidental and consequential damages according to proof;

10.     For pre-judgment interest at the legal rate;

11.     For all costs of suit incurred herein;

12.     For injunctive relief, as appropriate;

13.     For such other and further relief as this Court deems just and proper.

Date:   March 7, 2019              BASSI, EDLIN, HUIE & BLUM LLP


By:   */s/ Barry D. Bryan*_____
        BARRY D. BRYAN
        Attorneys for Defendant
        DCH TL HOLDINGS LLC

2614823

---

31

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S 3RD AM. THIRD PARTY COMPLAINT

Re: **City of Torrance v. Hi-Shear Corporation, a Delaware Corporation, d/b/a Lisi Aerospace, et al.**
**United States District Court, Central District Case No. 2:17-cv-07732-DSF-JPR**

### PROOF OF SERVICE – CCP §1013(a)(3)

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, EDLIN, HUIE & BLUM LLP, 500 Washington Street, Suite 700, San Francisco, California 94111.

On March 7, 2019, I electronically served the document(s) via USDC Central District of California ECF, described below, on the recipients designated on the Transaction Receipt located on the USDC Central District of California ECF website.

**DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S THIRD AMENDED THIRD PARTY COMPLAINT**

on the following parties:

PLEASE SEE SERVICE LIST PROVIDED BY THE USDC CENTRAL DISTRICT OF
CALIFORNIA ECF WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on March 7, 2019, at San Francisco, California.

_____

BRANDI M. JARMAN

---

1

DCH TL HOLDINGS, LLC'S ANSWER AND COUNTERCLAIM TO HI-SHEAR CORPORATION'S THIRD AMENDED THIRD PARTY COMPLAINT