**William J. Beverly, Esq. #81573**
**Law Offices of William J. Beverly,**
**a Professional Corporation**
**3424 Carson Street, Suite 400**
**Torrance, California 90503-5721**
**Tel. (310) 793-7766; Fax (310) 793-7770**

Attorneys for Third Party Defendant
DASCO ENGINEERING CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CITY OF TORRANCE,

Plaintiff,

vs.

HI-SHEAR CORPORATION, a Delaware corporation, d/b/a LISI AEROSPACE,

Defendant.

---

HI-SHEAR CORPORATION,

Counter-Claimant,

vs.

CITY OF TORRANCE,

Counter-Defendant.

---

HI-SHEAR CORPORATION,

Third-Party Plaintiff,

vs.

SHERIDAN-GRAY, INC., a California corporation; L & F INDUSTRIES, INC., a California corporation; EFCO, INC., a Pennsylvania corporation, d/b/a ERIE PRESS SYSTEMS; The estate of ELISABETH P. FRUDENFELD, a deceased individual; the executor,

**CASE NO. 2:17-cv-07732-DSF-JPR**

Assigned to Hon. District Judge Dale S. Fischer

**ANSWER OF THIRD-PARTY DEFENDANT DASCO ENGINEERING CORPORATION TO THIRD AMENDED THIRD-PARTY COMPLAINT OF HI-SHEAR CORPORATION**

Complaint filed: 10/23/2017

Trial Date: None Set

administrator, or trustee of the estate of ELISABETH P. FRUDENFELD, a deceased individual; the estate of KARL FRUDENFELD; the executor, administrator, or trustee of the estate of KARL FRUDENFELD a deceased individual; the trustees of a certain TRUST AGREEMENT DATED NOVEMBER 1, 1977, BETWEEN KARL FRUDENFELD AND ELISABETH P. FRUDENFELD; KARLA FRUDENFELD, an individual; the trustees of a certain FREDRICK AND MARGARET SUTTON TRUST; CRAIG FRUDENFELD, an individual, as custodian for ALEXANDER FRUDENFELD, AARON FRUDENFELD, and WENDI FRUDENFELD; ALEXANDER FRUDENFELD, an individual; AARON FRUDENFELD, an individual; WENDI FRUDENFELD, an individual; LAURI COOK, an individual, as custodian for MARINA COOK; MARINA COOK, an individual; ARBA, INC., a California corporation; PAT SIMMONS GOLF COMPANY aka PAT SIMMONS GOLF CO., a business entity form unknown; SAMUEL P. SIMMONS d/b/a PAT SIMMONS, INC., a business entity form unknown; SIMMONS INTERNATIONAL CORP., a business entity form unknown; SIMMONS INTERNATIONAL, INC., an Arizona corporation; SIMMONS INTERNATIONAL SPORTING GOODS, INC., a California corporation; PAT SIMMONS GOLF, LLC, an Arizona limited liability company; GOLF TECH, INC., a California corporation; THE GOLF FACTORY, INC., a corporation of unknown origin; LYMAN E. EDDY COMPANY, a California corporation aka LYMAN E. EDDY CO.; RING-O-STEEL CORPORATION, a California corporation; CALIFORNIA METAL PRODUCTS, INC., a California corporation; ROBINSON HELICOPTER COMPANY, INCORPORATED, a California

corporation; RHI HOLDINGS, INC., a Delaware corporation; FAIRCHILD CORPORATION, a Delaware corporation; ARCONIC, INC., a Pennsylvania corporation; SOLARAY INDUSTRIES, INC., a California corporation; DASCO ENGINEERING CORPORATION, a California corporation; LONGREN AIRCRAFT COMPANY, INC., a California corporation; MAGELLAN AEROSPACE, MIDDLETOWN, an Ohio corporation; HF GROUP, INC., a California corporation; RECREATIONAL VANS, INC., a California corporation; R.G. HARRIS CO., a California Corporation; ROBERT G. HARRIS, an individual; the estate of ROBERT G. HARRIS; the executor, administrator, or trustee of the estate of ROBERT G. HARRIS; EXCELLON TECHNOLOGIES, LLC, a California limited liability company, d/b/a EXCELLON AUTOMATION; EXCELLON ACQUISITIONS, LLC, an Oregon limited liability company; TURNING POINT CAPITAL, LLC, an Oregon limited liability company; ESTERLINE TECHNOLOGIES CORPORATION, a Delaware corporation; JOSHMO, LLC, an Oregon limited liability company; DEBRA-ADKINS MESSENGER and JERRY LEE HEUER, trustees of the ADKINS FAMILY TRUST, ESTABLISHED APRIL 16, 1991; SBL PROPERTIES, LLC, a California limited liability company; DCH TL HOLDINGS, LLC, a Delaware limited liability company, d/b/a Torrance Toyota, d/b/a Torrance Scion; S.B.L. AUTO, INC. d/b/a SOUTH BAY LEXUS, a California corporation; THE UNITED STATES OF AMERICA, DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY; VIRGIL C. JOHNSON and JAMES R. STRUTZEL d/b/a JOHNSON & STRUTZEL, a general partnership d/b/a MAYFLOWER TRAILER; JOHNSON & STRUTZEL CO., a California corporation; COAST TRAILER MANUFACTURING CO., a )

California corporation; BRITTAIN INDUSTRIES, INC., a California corporation; NARCO SCIENTIFIC, INC., a Delaware corporation aka NARCO SCIENTIFIC INDUSTRIES, INC.; the estate of MARTIN GILTSCH JR. d/b/a GILTSCH MANUFACTURING CO.; the executor, administrator, or trustee of the estate of MARTIN GILTSCH JR. d/b/a GILTSCH MANUFACTURING CO.; GILTSCHMANUFACTURING CO., a business entity form unknown; INTERNATIONAL PRODUCTS, INC. aka INTERNATIONAL PRODUCTS COMPANY, INC. aka IPC, INC., a corporation of unknown origin; and ROES 1 to 10, inclusive,

Third-Party Defendants.

Third-Party Defendant Dasco Engineering Corporation, a California Corporation, ("Dasco" herein) answering for itself and for no other person or entity, hereby responds to the Third Amended Third-Party Complaint of Hi-Shear Corporation ("Hi-Shear" herein) by admitting, denying, and asserting as follows:

**STATEMENT OF THE ACTION, JURISDICTION AND VENUE**

1. Third-Party Defendant Dasco has no information or knowledge concerning the allegations of paragraphs 1 through 10 and each included subparagraph of the Third Amended Third-Party Complaint and, therefore, denies the allegations of each of such paragraphs and each included subparagraph on information and belief.

**PARTIES**

2. Third-Party Defendant Dasco has no information or knowledge concerning the allegations of paragraphs 11 through 45 of the Third Amended Third-Party Complaint and, therefore, denies the allegations of each of such paragraphs on information and belief.

**FIRST CLAIM FOR RELIEF**

**Contribution under CERCLA, 42 U.S.C. § 9613(f)**

**(Against all Third-Party Defendants and ROES 1-10)**

3. In response to paragraph 46, Third-Party Defendant Dasco hereby incorporates all preceding paragraphs as if fully restated herein.

4. Third-Party Defendant Dasco admits the allegations of paragraphs 47, 48, and 49, and generally denies the allegations of paragraphs 50, 51, 52 and 53. This answering party further specifically denies that it contributed to the contamination at any time or in any manner. Dasco further specifically denies that it is liable for any costs or damages to any extent or in any amount, denies that it is obligated for any actions or duties of any nature or kind relating to the subject contamination, and denies that Hi-Shear is entitled to contribution from Dasco for any costs in any amount for any reason.

**SECOND CLAIM FOR RELIEF**

**Cost Recovery under CERCLA, 42 U.S.C. § 9607(a)**

**(Against all Third-Party Defendants and ROES 1-10)**

5. In response to paragraph 54, Third-Party Defendant Dasco hereby incorporates all preceding paragraphs as if fully restated herein.

6. Third-Party Defendant Dasco admits the allegations of paragraphs 55 and 56 and denies generally the allegations of paragraph 57. Dasco specifically denies the allegations of paragraph 58 that this answering Third-Party Defendant was an owner or operator of a Contaminated Property when hazardous materials were released, and further specifically denies that this Third-Party Defendant is a responsible or liable party. Third-Party Defendant Dasco has no information or knowledge concerning the allegations of paragraphs 59, 60, 61, and 62, of the Third Amended Third-Party Complaint and therefore denies the allegations of such paragraphs on information and belief. Third-Party Defendant Dasco further specifically denies the allegations of paragraphs 61, 62, and 63, that Hi-Shear is

entitled to reimbursement of any amounts for any cost or expense from Third-Party Defendant Dasco.

**THIRD CLAIM FOR RELIEF**

**Declaratory Relief under CERCLA, 42 U.S.C. § 9613**

**(Against all Third-Party Defendants and ROES 1-10)**

7. In response to paragraph 64, Third-Party Defendant Dasco hereby incorporates all preceding paragraphs as if fully restated herein.

8. Third-Party Defendant Dasco admits the allegations of paragraphs 65, 66, and 67, that there is a dispute and that the paragraphs generally represent the positions of the parties. Dasco specifically denies the allegations of paragraph 68 that this answering Third-Party Defendant was an owner or operator of a Contaminated Property when hazardous materials were released and further specifically denies that this Third-Party Defendant is a responsible or liable party. Third-Party Defendant Dasco further specifically denies the allegations of paragraph 68 that Hi-Shear is entitled to reimbursement of any amounts for any cost or expense from Third-Party Defendant Dasco. Third-Party Defendant Dasco admits the allegations of paragraphs 69, 70, 71, and 72 except that Dasco specifically denies that any order or judgement should contain any provision directing Dasco to participate in a cleanup or payment of any damages or contribution.

**FOURTH CLAIM FOR RELIEF**

**Contribution under Carpenter-Presley-Tanner Hazardous Substances Act, Cal. Health & Safety Code Sections 25300 *et seq.***

**(Against all Third-Party Defendants, except the Army and ROES 1-10)**

9. In response to paragraph 73, Third-Party Defendant Dasco hereby incorporates all preceding paragraphs as if fully restated herein.

10. Third-Party Defendant Dasco admits the allegations of paragraphs 74, 75, 76, 79, and 80. Third-Party Defendant Dasco denies generally the allegations of paragraphs 77 and 78, except that Dasco admits that Hi-Shear makes the

allegations contained therein as represented, and specifically denies the allegations of paragraph 77 that any acts of Dasco or its agents or employees contributed to any of the purported contamination on the subject properties and the allegations of paragraph 78 that Dasco is statutorily liable for any costs relating to such contamination to any extent. Dasco admits the allegation of Hi-Shear in paragraph 81 that it alleges that it is entitled to reimbursement but specifically denies that Dasco is liable or responsible for any portion of such claimed reimbursement.

**FIFTH CLAIM FOR RELIEF**

**Declaratory Relief Under Carpenter-Presley-Tanner**

**Hazardous Substances Act,**

**Cal. Health & Safety Code Sections 25300 *et seq.***

**(Against all Third-Party Defendants, except the Army and ROES 1-10)**

11. In response to paragraph 82, Third-Party Defendant Dasco hereby incorporates all preceding paragraphs as if fully restated herein.

12. Third-Party Defendant Dasco admits the allegations of paragraphs 83 that there is an actual controversy between the parties and that paragraph 84 generally represents the positions of the parties. Third-Party Defendant Dasco further admits the allegations of paragraph 85 that a judicial declaration is desired and of paragraph 87 that a judicial declaration is necessary. Third-Party Defendant Dasco further admits that Hi-Shear makes those requests of the court as set forth in paragraph 86, however, Third-Party Defendant Dasco has no information or knowledge concerning the truth of the basis for the allegations of paragraph 86 and, therefore, denies the allegations of such paragraph on information and belief.

**SIXTH CLAIM FOR RELIEF**

**Total Indemnity**

**(Against all Third-Party Defendants, except the Army and ROES 1-10)**

13. In response to paragraph 88, Third-Party Defendant Dasco hereby incorporates all preceding paragraphs as if fully restated herein.

14. The allegations of paragraph 89 are specifically denied.

15. Dasco admits that the allegations of paragraph 90 are made by Hi-Shear but specifically denies that there is any truth or factual basis for such allegations.

**SEVENTH CLAIM FOR RELIEF**

**Equitable Indemnity**

**(Against all Third-Party Defendants, except the Army and ROES 1-10)**

16. In response to paragraph 91, Third-Party Defendant Dasco hereby incorporates all preceding paragraphs as if fully restated herein.

17. Third-Party Defendant Dasco has no information or knowledge concerning the extent of the liability of any other party to this litigation and, therefore, denies the allegations of paragraphs 92, 93, 94, and 95 on information and belief. However, Third-Party Defendant Dasco specifically denies that it in any manner contributed any portion of the contamination to the site and denies that it bears any responsibility for any contamination on the site. Dasco further denies that it is liable or responsible for any contribution, reimbursement, indemnification, or payment of any cleanup costs or expenses or damages of any other nature or kind whatsoever.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

18. As and for a First and Separate Affirmative Defense, Third-Party Defendant Dasco asserts that the Third Amended Third-Party Complaint fails to state a claim or cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

19. As a Second Affirmative Defense, the Third-Party Defendant Dasco alleges that each and every claim for relief in the Third Amended Third-Party Complaint is barred by the applicable statutes of limitations, including but not

limited to 42 U.S.C. § 9613(g) and California Code of Civil Procedure sections 336-343, and any and all other applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

20. As a Third Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff is barred from relief on the grounds that Third-Party Plaintiff has waived any and all rights to recover any response costs, damages, injunctive relief, declaratory relief or any other relief, as a result of its actions, inactions and omissions, and those of the Third-Party Plaintiff's agents, employees, contractors and/or representatives in generating, storing, transporting and/or disposing of the subject chemicals and related Contamination, and said Third-Party Plaintiff's failures to timely and properly assess, investigate, monitor, remove, treat and/or remediate and clean-up the Contamination, and as a result of other actions, inactions and/or omissions of Third-Party Plaintiff and/or its agents, employees, contractors and representatives.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

21. As a Fourth Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff, as a result of its actions, inactions and omissions and Third-Party Defendant Dasco's resulting reliance on the same, is estopped from bringing the claims in the Third Amended Third-Party Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

22. As a Fifth Affirmative Defense, Third-Party Defendant Dasco alleges that the Third-Party Plaintiff's claims are barred by the doctrine of laches, since Third-Party Plaintiff has failed to timely pursue its claims and remedies, and has sat on its alleged rights to the detriment of Third-Party Defendant Dasco.

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

23. As a Sixth Affirmative Defense, Third-Party Defendant Dasco alleges that each and every claim set forth in the Third Amended Third-Party Complaint is barred by the doctrine of "unclean hands," in that the relief and claims asserted therein have arisen from the negligent and intentional actions, inactions and omissions of the Third-Party Plaintiff and Third-Party Plaintiff's agents, employees, contractors and representatives.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

24. As a Seventh Affirmative Defense, Third-Party Defendant Dasco asserts that the Court lacks jurisdiction over some or all of the matters asserted in the Third Amended Third-Party Complaint of Third-Party Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with NCP)**

25. As an Eighth Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff has failed to comply with the National Contingency Plan ("NCP") as required by the Comprehensive Environmental Response, Compensation and Liability Act (42 U.S.C. § 9601 et seq. - "CERCLA") and the regulations thereunder, and that without such compliance, contribution and/or the recovery of any response costs or other damages is not proper under CERCLA or other applicable law.

**NINTH AFFIRMATIVE DEFENSE**

**(No Participation by Appropriate Regulatory Agency)**

26. As a Ninth Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff has failed to comply with the requirements of CERCLA regarding participation by the U.S. EPA and/or the State of California or

/ / /

any regional or local agency, in providing any response and/or in funding any portion of the response costs.

**TENTH AFFIRMATIVE DEFENSE**

**(No Recovery of Future Response Costs)**

27. As a Tenth Affirmative Defense, Third-Party Defendant Dasco alleges that the Third-Party Plaintiff cannot recover against Third-Party Defendant Dasco under CERCLA for costs not yet incurred, and Third-Party Plaintiff's claims for relief, to the extent they include requests for future costs, are improper.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Response Costs Not Necessary or Consistent with NCP)**

28. As an Eleventh Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff is not entitled to any "response costs" under CERCLA or any similar state or local law, because none of the Third-Party Plaintiff's alleged "costs" were "necessary" costs of response, nor were they incurred in accordance with and consistent with the National Contingency Plan.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Response Costs from Hazardous Substances)**

29. As a Twelfth Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff's claims for relief are barred to the extent that the alleged "response costs" do not result from the release of "hazardous substances" in accordance with the requirements of CERCLA or State law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Release or Threatened Release by the City)**

30. As a Thirteenth Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff's claims for relief are barred on the grounds that Third-Party Plaintiff has not and will not incur any "response costs" as a result of any "releases" or "threatened releases" of hazardous substances as a result of any actions or inactions by Third-Party Defendant Dasco.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Dasco Is Not a Liable Party)**

31. As a Fourteenth Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff's claims for relief are barred on the grounds that Third-Party Defendant Dasco is not a liable party under the provisions of CERCLA, 42 U.S.C. § 9607(a), RCRA, 42 U.S.C. § 6972(a), or Health & Safety Code §§ 25363 and 25323.5, or under any other provision of law, or otherwise, and that Third-Party Defendant Dasco is an innocent third party which had not caused or contributed to the subject contamination and which did not consent to, approve or authorize the activities which resulted in the subject contamination, and which did not own or possess the hazardous substances or wastes allegedly improperly disposed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Innocent Party Defense)**

32. As a Fifteenth Affirmative Defense, Third-Party Defendant Dasco alleges that Third-Party Plaintiff's claims for relief are barred on the grounds that the alleged releases or threatened releases of hazardous substances as alleged in the Third Amended Third-Party Complaint, and any costs or damages resulting therefrom, were caused solely by the acts or omissions of Third-Party Plaintiff, and/or other third parties. Third-Party Defendant Dasco did not consent to, approve or authorize the activities which allegedly caused the releases or threatened releases of hazardous substances.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Proportionate Liability)**

33. As a Sixteenth Affirmative Defense, Third-Party Defendant Dasco alleges that although it denies any responsibility for any alleged response costs or damages incurred or to be incurred by Third-Party Plaintiff, in the event that Third-Party Defendant Dasco is held responsible for any of the matters alleged in

the Third Amended Third-Party Complaint, and relief is granted against Third-Party Defendant Dasco, then liability should be proportionate to the proven contribution of Dasco, if any, and only after considering any contribution or indemnity to Dasco.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Compliance with Laws)**

34. As a Seventeenth Affirmative Defense, Third-Party Defendant Dasco alleges that at all times relevant herein, the Third-Party Defendant Dasco acted in accordance with all federal, state, regional and local laws previously and currently applicable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedies at Law)**

35. As an Eighteenth Affirmative Defense, Third-Party Defendant Dasco alleges that, with respect to any request for injunctive or equitable relief by Third-Party Plaintiff, Third-Party Plaintiff has adequate remedies at law.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Release or Disposal by the City, and No Ownership or Possession of Waste by the City)**

36. As a Nineteenth Affirmative Defense, Third-Party Defendant Dasco alleges that it is not a responsible or liable party under 42 U.S.C. § 9607(a), that no hazardous substances or any other waste or substances were released by the Third-Party Defendant Dasco's actions, inactions or omissions onto the alleged properties or elsewhere, that Third-Party Defendant Dasco never owned or possessed any of the waste allegedly disposed of, and that there is no factual basis for apportioning any contribution or indemnity to Third-Party Defendant Dasco.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Apportionment of Fault and Set-Off)**

37. As a Twentieth Affirmative Defense, Third-Party Defendant Dasco

alleges that any alleged injury or damage to the Third-Party Plaintiff or any other party, is the result of the actions, inactions and omissions of the Third-Party Plaintiff and its predecessors, successors and/or other persons or entities, and any amounts of damages or response costs awarded to the Third-Party Plaintiff, if any, must be apportioned based on the comparative fault of the parties and other persons, and any award to Third-Party Plaintiff from Third-Party Defendant Dasco must be reduced and setoff accordingly.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Contribution/Indemnification)**

38. As a Twenty-First Affirmative Defense, Third-Party Defendant Dasco alleges that to the extent Third-Party Defendant Dasco is required to contribute to any of the damages or injuries or other relief requested by the Third-Party Plaintiff, and to the extent that Dasco is required to indemnify any person or entity for costs incurred as alleged in the Third Amended Third-Party Complaint, Third-Party Defendant Dasco is entitled to contribution and/or indemnification in whole or in part under 42 U.S.C. § 9613(f), California Health & Safety Code § 25363, and other federal and state law, in accordance with a fair and equitable apportionment of liability to the Third-Party Plaintiff, and any other parties.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

39. As a Twenty-Second Affirmative Defense, Third-Party Defendant Dasco alleges that the Third-Party Plaintiff has failed to take appropriate actions to effectively respond and address the purported conditions at issue, and that Third-Party Plaintiff has failed to properly mitigate its alleged damages and claims, and has failed to take appropriate measures to avoid or minimize the damages and costs. Third-Party Plaintiff has further failed to take appropriate actions and measures to avoid, reduce or eliminate the purported response costs, damages, costs and injuries asserted in the Third Amended Third-Party Complaint. The

claims of the Third-Party Plaintiff therefore are barred and/or must be reduced and/or are otherwise subject to offset.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Recoupment and Offset for Prior Work on Site)**

40. As a Twenty-Third Affirmative Defense, Third-Party Defendant Dasco alleges that it is entitled to an offset and/or recoupment against any liability imposed on or against it, for and as a result of any previous investigations, assessment and removal and/or remediation work conducted on the properties in issue by any third party or any governmental agency, or any work conducted in relation thereto.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Causation)**

41. As a Twenty-Fourth Affirmative Defense, Third-Party Defendant Dasco alleges that all of the alleged damages and injuries of Third-Party Plaintiff are the result of actions, inactions, and omissions of Third-Party Plaintiff and/or other third parties, and each of them, and not as a result of the actions, inactions, or omissions of Third-Party Defendant Dasco. Third-Party Defendant Dasco's actions, inactions or omissions are not the cause of the solid and/or hazardous wastes, materials or substances resulting in the contamination, and Third-Party Defendant Dasco never owned or possessed the solid and/or hazardous wastes, materials or substances allegedly disposed of and released.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

42. As a Twenty-Fifth Affirmative Defense, Third-Party Defendant Dasco alleges that it has at all times herein acted in good faith, and in compliance with all applicable statutes and regulations.

/ / /

/ / /

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Counter-Claimant Is a Liable Party)**

43. As a Twenty-Sixth Affirmative Defense, Third-Party Defendant Dasco alleges that the Third-Party Plaintiff is itself liable and a responsible party under 42 U.S.C. § 9607(a) and California Health & Safety Code § 25323.5, and is otherwise liable and responsible for damages and injuries under Federal and State law, and that such Third-Party Plaintiff is therefore barred from recovering any costs or damages from Third-Party Defendant Dasco, under 42 U.S.C. § 9607, California law, or any other provision of law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

44. As a Twenty-Seventh Affirmative Defense, Third-Party Defendant Dasco alleges that the Third Amended Third-Party Complaint is barred as against Third-Party Defendant Dasco because the damages alleged, if suffered, were caused in whole or in part by Third-Party Plaintiff's own actions, inactions, omissions or negligence.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Apportionment of Liability)**

45. As a Twenty-Eighth Affirmative Defense, Third-Party Defendant Dasco alleges that the alleged damages asserted in the Third Amended Third-Party Complaint, if any, were proximately caused and contributed to by persons other than Third-Party Defendant Dasco. The liability of all parties, named or unnamed, should be apportioned according to their relative degree of fault, and the liability of Third-Party Defendant Dasco, if any, should be reduced accordingly.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Counter-Claimant Participated in the Management on the Subject Property)**

46. As a Twenty-Ninth Affirmative Defense, Third-Party Defendant Dasco alleges that the Third-Party Plaintiff and its assignors and predecessors and

successors-in-interest, if any, took possession of the Hi-Shear Property and participated in the management of said property, and as such, said parties and each of them, are liable parties under the terms of CERCLA and State Superfund and State law.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(De Minimis Harm)**

47. As a Thirtieth Affirmative Defense, Third-Party Defendant Dasco alleges that any purported contribution to the Contamination by Third-Party Defendant Dasco, if any, or from any property owned by Third-Party Defendant Dasco (other than the Hi-Shear Property), if any, was de minimis.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Provide Statutorily Required Notice)**

48. As a Thirty-First Affirmative Defense, Third-Party Defendant Dasco alleges that the Third-Party Plaintiff has failed to provide notice of its Third Amended Third-Party Complaint to the Attorney General of the United States, and the United States Environmental Protection Agency, as required by CERCLA § 113(l), 42 U.S.C. § 9613(l), and has thus failed to state a claim upon which relief may be granted.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Reservation of Right to Assert Additional Defenses)**

49. As a Thirty-Second Affirmative Defense, Third-Party Defendant Dasco reserves its right to assert additional defenses which cannot be articulated now due to Third-Party Plaintiff's failure to particularize its claims or due to the Third-Party Defendant Dasco's lack of information or knowledge of the circumstances surrounding Third-Party Plaintiff's claims. Upon further particularization of Third-Party Plaintiff's claims or upon discovery of further information concerning Third-Party Plaintiff's claims, Third-Party Defendant Dasco reserves the right to assert additional defenses.

WHEREFORE, Defendant prays that:

(1) Third-Party Plaintiff take nothing by way of its complaint;

(2) For costs of suit incurred herein;

(3) For an order and judgment declaring that Dasco has no liability for any payments, contribution, or any other act or duty; and

(4) For such other and further relief as the court may deem just and proper.

Respectfully Submitted,

Dated: April 25, 2019

Law Offices of William J. Beverly, a Professional Corporation

By: ______________________
William Beverly, Esq.
Attorneys for Third-Party Defendant Dasco

# CERTIFICATE OF SERVICE

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party of the within action or cause. My business address is 3424 Carson Street, Suite 400, Torrance, California, 90503.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made. I further certify that on April 26, 2019, I caused to be served the copies of the attached:

**ANSWER OF THIRD-PARTY DEFENDANT DASCO ENGINEERING CORPORATION TO THIRD AMENDED THIRD-PARTY COMPLAINT OF HI-SHEAR CORPORATION**

on the parties in said action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

**FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 26, 2019, at Los Angeles, California.

Kathleen J. Bongard