David L. Evans (State Bar No. 155634)
*dlevans@hamricklaw.com*
Thomas P. Schmidt (State Bar No. 157831)
*tschmidt@hamricklaw.com*
Jeff Poole (State Bar No. 291783)
*jpoole@hamricklaw.com*
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

Attorneys for Defendant, Counter-Claimant, Counter-Defendant, and Third-Party Plaintiff
HI-SHEAR CORPORATION

HAMRICK & EVANS, LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF TORRANCE, <br><br> Plaintiff, <br><br> v. <br><br> HI-SHEAR CORPORATION, a Delaware corporation, d/b/a LISI AEROSPACE, <br><br> Defendant. | Case No.: 2:17-cv-07732-DSF-JPR <br>(*Case assigned to Hon. Dale S. Fischer*) <br><br> **HI-SHEAR CORPORATION'S ANSWER TO THE ESTATE OF MARTIN GILTSCH JR. D/B/A GILTSCH MANUFACTURING CO.; THE EXECUTOR, ADMINISTRATOR, OR TRUSTEE OF THE ESTATE OF MARTIN GILTSCH JR. D/B/A GILTSCH MANUFACTURING CO.; AND GILTSCH MANUFACTURING CO.'S COUNTERCLAIM** |
| HI-SHEAR CORPORATION, <br><br> Counter-Claimant, <br><br> v. <br><br> CITY OF TORRANCE, <br><br> Counter-Defendant. | **DEMAND FOR JURY TRIAL** <br><br> Counterclaim Filed:  8/12/2019 <br> Trial Date:  None Set |
| HI-SHEAR CORPORATION, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> SHERIDAN-GRAY, INC., a California corporation *et al.*, <br><br> Third-Party Defendants. <br><br> And Related Counterclaims. | |

HAMRICK & EVANS, LLP

Defendant, Counter-Claimant, Counter-Defendant, and Third-Party Plaintiff HI-SHEAR CORPORATION, a Delaware corporation sued and served herein as HI-SHEAR CORPORATION, a Delaware corporation, d/b/a LISI AEROSPACE ("Hi-Shear") hereby answers the Counterclaim (the "Counterclaim") (Docket # 338) of Third-Party Defendants and Counter-Claimants THE ESTATE OF MARTIN GILTSCH JR. d/b/a GILTSCH MANUFACTURING CO.; the executor, administrator, or trustee of the estate of MARTIN GILTSCH JR. d/b/a GILTSCH MANUFACTURING CO.; and GILTSCH MANUFACTURING CO. (collectively "Giltsch") as follows:

**PARTIES**

1.      Answering Paragraph 1 of the Counterclaim, Hi-Shear states that to the extent Paragraph 1 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 1 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear admits that its Third Amended Third-Party Complaint ("TATPC") contains certain allegations against Giltsch.

2.      Answering Paragraph 2 of the Counterclaim, Hi-Shear states that to the extent Paragraph 2 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 2 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear admits that it has leased approximately 14 acres of real property located at 2600 Skypark Drive, Torrance, California since approximately 1954. However, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 2 of the Counterclaim, and on that basis denies such allegations.

HAMRICK & EVANS, LLP

**JURISDICTION**

3.    Answering Paragraph 3 of the Counterclaim, Hi-Shear states that to the extent Paragraph 3 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 3 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear admits that jurisdiction in this forum is proper.

**VENUE**

4.    Answering Paragraph 4 of the Counterclaim, Hi-Shear states that to the extent Paragraph 4 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 4 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear admits that venue in this District is proper.

**DESCRIPTION OF ACTION/FACTUAL ALLEGATIONS**

5.    Answering Paragraph 5 of the Counterclaim, Hi-Shear states that to the extent Paragraph 5 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 5 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves.

6.    Answering Paragraph 6 of the Counterclaim, Hi-Shear states that to the extent Paragraph 6 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 6 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that Giltsch is not liable to Hi-Shear and that Hi-Shear is not entitled to relief from Giltsch as alleged in the TATPC.

7.    Answering Paragraph 7 of the Counterclaim, Hi-Shear states that to the extent Paragraph 7 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 7 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves.

## FIRST COUNTERCLAIM AGAINST COUNTER-DEFENDANT
### (CONTRIBUTION PURSUANT TO CERCLA SECTION 113)

8.      Answering Paragraph 8 of the Counterclaim, Hi-Shear re-alleges and references its responses to Paragraphs 1 through 7 as though fully set forth and incorporated herein.

9.      Answering Paragraph 9 of the Counterclaim, Hi-Shear states that to the extent Paragraph 9 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 9 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies the allegations in Paragraph 9 of the Counterclaim.

10.     Answering Paragraph 10 of the Counterclaim, Hi-Shear states that to the extent Paragraph 10 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 10 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 10 of the Counterclaim, and on that basis denies such allegations.

11.     Answering Paragraph 11 of the Counterclaim, Hi-Shear states that to the extent Paragraph 11 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 11 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or

HAMRICK & EVANS, LLP

others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 11 of the Counterclaim, and on that basis denies such allegations.

**SECOND COUNTERCLAIM AGAINST COUNTER-DEFENDANT**

**(DECLARATORY RELIEF UNDER FEDERAL LAW)**

12.    Answering Paragraph 12 of the Counterclaim, Hi-Shear re-alleges and references its responses to Paragraphs 1 through 11 as though fully set forth and incorporated herein.

13.    Answering Paragraph 13 of the Counterclaim, Hi-Shear states that to the extent Paragraph 13 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 13 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 13 of the Counterclaim, and on that basis denies such allegations.

14.    Answering Paragraph 14 of the Counterclaim, Hi-Shear states that to the extent Paragraph 14 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 14 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly,

HAMRICK & EVANS, LLP

and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 14 of the Counterclaim, and on that basis denies such allegations.

## THIRD COUNTERCLAIM AGAINST COUNTER-DEFENDANT
## (DECLARATORY RELIEF UNDER STATE LAW)

15.     Answering Paragraph 15 of the Counterclaim, Hi-Shear re-alleges and references its responses to Paragraphs 1 through 14 as though fully set forth and incorporated herein.

16.     Answering Paragraph 16 of the Counterclaim, Hi-Shear states that to the extent Paragraph 16 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 16 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 16 of the Counterclaim, and on that basis denies such allegations.

## FOURTH COUNTERCLAIM AGAINST COUNTER-DEFENDANT
## (EQUITABLE INDEMNIFICATION)

17.     Answering Paragraph 17 of the Counterclaim, Hi-Shear re-alleges and references its responses to Paragraphs 1 through 16 as though fully set forth and incorporated herein.

18.     Answering Paragraph 18 of the Counterclaim, Hi-Shear states that to the extent Paragraph 18 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 18 cites documents or statutes, the documents or

HAMRICK & EVANS, LLP

statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 18 of the Counterclaim, and on that basis denies such allegations.

19.     Answering Paragraph 19 of the Counterclaim, Hi-Shear states that to the extent Paragraph 19 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 19 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 19 of the Counterclaim, and on that basis denies such allegations.

20.     Answering Paragraph 20 of the Counterclaim, Hi-Shear states that to the extent Paragraph 20 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 20 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining

HI-SHEAR'S ANSWER TO GILTSCH'S COUNTERCLAIM

allegations set forth in Paragraph 20 of the Counterclaim, and on that basis denies such allegations.

## FIFTH COUNTERCLAIM AGAINST COUNTER-DEFENDANT
### (CONTRIBUTION)

21.     Answering Paragraph 21 of the Counterclaim, Hi-Shear re-alleges and references its responses to Paragraphs 1 through 20 as though fully set forth and incorporated herein.

22.     Answering Paragraph 22 of the Counterclaim, Hi-Shear states that to the extent Paragraph 22 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 22 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 22 of the Counterclaim, and on that basis denies such allegations.

## SIXTH COUNTERCLAIM AGAINST COUNTER-DEFENDANT
### (CONTRIBUTION UNDER HAZARDOUS SUBSTANCES ACCOUNT ACT)

23.     Answering Paragraph 23 of the Counterclaim, Hi-Shear re-alleges and references its responses to Paragraphs 1 through 22 as though fully set forth and incorporated herein.

24.     Answering Paragraph 24 of the Counterclaim, Hi-Shear states that to the extent Paragraph 24 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 24 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or

HAMRICK & EVANS, LLP

others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 24 of the Counterclaim, and on that basis denies such allegations.

25.   Answering Paragraph 25 of the Counterclaim, Hi-Shear states that to the extent Paragraph 25 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 25 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 25 of the Counterclaim, and on that basis denies such allegations.

26.   Answering Paragraph 26 of the Counterclaim, Hi-Shear states that to the extent Paragraph 26 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 26 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear admits that it has leased approximately 14 acres of real property located at 2600 Skypark Drive, Torrance, California since approximately 1954. However, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the

HAMRICK & EVANS, LLP

remaining allegations set forth in Paragraph 26 of the Counterclaim, and on that basis denies such allegations.

27.     Answering Paragraph 27 of the Counterclaim, Hi-Shear states that to the extent Paragraph 27 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 27 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 27 of the Counterclaim, and on that basis denies such allegations.

28.     Answering Paragraph 28 of the Counterclaim, Hi-Shear states that to the extent Paragraph 28 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 28 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 28 of the Counterclaim, and on that basis denies such allegations.

29.     Answering Paragraph 29 of the Counterclaim, Hi-Shear states that to the extent Paragraph 29 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 29 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves.

To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 29 of the Counterclaim, and on that basis denies such allegations.

30.     Answering Paragraph 30 of the Counterclaim, Hi-Shear states that to the extent Paragraph 30 contains legal conclusions, no response thereto is required, and that to the extent Paragraph 30 cites documents or statutes, the documents or statutes themselves are the best evidence of their contents and speak for themselves. To the extent a response is required, Hi-Shear denies that it caused Giltsch and/or others to suffer damages and/or to incur costs, denies any liability to Giltsch and/or others, denies that it has acted wrongfully, negligently, intentionally, recklessly, and/or unlawfully, denies that it breached any contract, and lacks knowledge or information upon which to form a belief regarding the truth of the remaining allegations set forth in Paragraph 30 of the Counterclaim, and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

Without admitting the truth or accuracy of any of the allegations set forth in the Counterclaim, and without assuming the burden of proof on any matters where that burden rests on Giltsch, Hi-Shear alleges the following affirmative defenses to the claims alleged in the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

### *(Failure to State a Cause of Action)*

31.     As a separate and distinct affirmative defense, Hi-Shear alleges that the Counterclaim and each purported cause of action and claim for relief set forth therein fail to state facts sufficient to constitute a cause of action against Hi-Shear

HAMRICK & EVANS, LLP

1  and fail to state a claim against Hi-Shear upon which relief may be granted.

2  ## SECOND AFFIRMATIVE DEFENSE

3  *(Act of God, War, or Third Party)*

4      32.    As a separate and distinct affirmative defense, Hi-Shear alleges that

5  the alleged releases or threat of releases of a hazardous substance and any damage

6  resulting therefrom were caused solely by (i) an act of God; (ii) an act of war; (iii) a

7  third party, other than Hi-Shear's employees or agents, or a third party other than

8  one whose act or omission occurred in connection with a contractual relationship

9  with Hi-Shear; or (iv) any combination of the foregoing.

10  ## THIRD AFFIRMATIVE DEFENSE

11  *(Unnecessary and Inconsistent Response Costs)*

12      33.    As a separate and distinct affirmative defense, Hi-Shear alleges that

13  the response costs, if any, incurred by Giltsch were not necessary and are not

14  consistent with the National Contingency Plan.

15  ## FOURTH AFFIRMATIVE DEFENSE

16  *(CERCLA Statute of Limitations)*

17      34.    As a separate and distinct affirmative defense, Hi-Shear alleges that

18  Giltsch's claims are barred by the applicable statute of limitations in section 9613(g)

19  of CERCLA.

20  ## FIFTH AFFIRMATIVE DEFENSE

21  *(De Minimus Liability)*

22      35.    As a separate and distinct affirmative defense, Hi-Shear alleges that

23  its liability, if any, is *de minimus* under CERCLA and the policies of the United

24  States Environmental Protection Agency and the California Department of Toxic

25  Substances Control.

26  / / /

27

28  / / /

HI-SHEAR'S ANSWER TO GILTSCH'S COUNTERCLAIM

HAMRICK & EVANS, LLP

### SIXTH AFFIRMATIVE DEFENSE

*(Failure to Join Indispensable Parties)*

36.     As a separate and distinct affirmative defense, Hi-Shear alleges that Giltsch has failed to join all indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE

*(Reasonable Apportionment of Liability)*

37.     As a separate and distinct affirmative defense, Hi-Shear alleges that Giltsch's claim for joint and several liability is barred since the environmental harm allegedly caused by Hi-Shear is divisible, and Hi-Shear's liability for such harm, if any, is capable of reasonable apportionment.

### EIGHTH AFFIRMATIVE DEFENSE

*(Waiver and Estoppel)*

38.     As a separate and distinct affirmative defense, Hi-Shear alleges that Giltsch's claims are barred by the doctrines of waiver and estoppel.

### NINTH AFFIRMATIVE DEFENSE

*(Laches)*

39.     As a separate and distinct affirmative defense, Hi-Shear alleges that Giltsch's claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

*(Unclean Hands)*

40.     As a separate and distinct affirmative defense, Hi-Shear alleges that Giltsch's claims are barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

*(No Proximate Cause)*

41.     As a separate and distinct affirmative defense, Hi-Shear alleges that Giltsch's Counterclaim, and each claim contained therein, are barred on the grounds that there is no allegation or proof that the conduct of Hi-Shear was the proximate

HAMRICK & EVANS, LLP

cause of the conditions or actual or threatened releases, if any, alleged in the Counterclaim, or that the actual or threatened releases alleged in the Counterclaim, if any, were the proximate cause of any injury or necessitated the incurrence of any response costs in connection therewith.

## TWELFTH AFFIRMATIVE DEFENSE

*(Actions Taken in Conformity with Applicable Laws)*

42.    As a separate and distinct affirmative defense, Hi-Shear alleges that the Counterclaim, and each claim contained therein, are barred on the grounds that Hi-Shear is not liable for any acts or omissions undertaken by or at the direction or sufferance of any local, state or federal authority, including, but not limited to, acts or omissions made in accordance with permits, regulations, ordinances, statutes and laws applicable at the time the acts or omissions alleged, if any occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(Failure to Exercise Ordinary Care)*

43.    As a separate and distinct affirmative defense, Hi-Shear alleges that the Counterclaim, and each claim contained therein, are barred to the extent that Giltsch and/or its agents failed to exercise ordinary care, caution and prudence to prevent the contamination and resulting response costs alleged in the Counterclaim, if any.

## FOURTHEENTH AFFIRMATIVE DEFENSE

*(Comparative/Contributory Negligence)*

44.    As a separate and distinct affirmative defense, Hi-Shear alleges that Giltsch's claim for response costs is barred and limited to the extent of any comparative and/or contributory negligence of Giltsch which may have contributed to or proximately caused the alleged costs, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(Equitable Factors)*

45.    As a separate and distinct affirmative defense, Hi-Shear alleges that, pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), such equitable

-14-

factors as the Court deems appropriate must be considered in resolving actions for contribution under CERCLA. Hi-Shear alleges that, upon application of appropriate equitable facts, the share of responsibility borne by Hi-Shear is zero.

### SIXTEENTH AFFIRMATIVE DEFENSE

*(No Recovery for Future Response Costs)*

46.     As a separate and distinct affirmative defense, Hi-Shear alleges that, under Section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4), response costs not yet incurred are not recoverable, and that Giltsch's claims must be denied to the extent that they include claims for recovery of alleged future costs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

*(No Recovery by Potential Responsible Parties)*

47.     As a separate and distinct affirmative defense, Hi-Shear alleges that, under 42 U.S.C. § 9607(a), only an innocent party can bring a cost recovery action. Hi-Shear further alleges, upon information and belief, that Giltsch is a potentially responsible party under CERCLA. To the extent that any portion of the Counterclaim can be construed as being premised on 42 U.S.C. § 9607, the Counterclaim is thus barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

*(Costs Do Not Qualify as Response Costs)*

48.     As a separate and distinct affirmative defense, Hi-Shear alleges that costs incurred or to be incurred by Giltsch as alleged in the Counterclaim are not response costs recoverable from Hi-Shear within the meaning of CERCLA.

### NINETEENTH AFFIRMATIVE DEFENSE

*(Actions Conformed to Applicable Laws)*

49.     As a separate and distinct affirmative defense, Hi-Shear alleges that all conduct and activities of Hi-Shear alleged in the Counterclaim conformed to statutes, government regulations and industry standards based on the state of knowledge existing at the times alleged in the Counterclaim.

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

## TWENTIETH AFFIRMATIVE DEFENSE

### *(Useful Product)*

50.     As a separate and distinct affirmative defense, Hi-Shear alleges that the Counterclaim, and each claim contained therein, are barred or limited on the grounds that the hazardous material at issue, to the extent it exists, constituted a useful product and is not regulated as a "hazardous waste" under CERCLA or California law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### *(Failure to Mitigate)*

51.     As a separate and distinct affirmative defense, Hi-Shear is informed and believes, and thereon alleges, that if Giltsch has been injured at all, as alleged in the Counterclaim on file herein, said injuries and/or damages were caused by the failure of Giltsch to mitigate the damages alleged.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### *(Contributory Negligence)*

52.     As a separate and distinct affirmative defense, Hi-Shear is informed and believes, and thereon alleges, that the injuries and damages alleged to have been suffered by Giltsch in the Counterclaim on file herein, if any, were directly or proximately, in whole or in part, caused or contributed to by the negligence, carelessness, fault or want of care of other parties and non-parties other than Hi-Shear. It is thus necessary that the proportion or degree of negligence or fault of each said person or entities, whether parties to this action or not, be judicially determined, and that any judgment that might be rendered against Hi-Shear be reduced in proportion to the degree of fault contributed to by each and every other party, third person, or entity found liable to Giltsch. As against each such third person or entity, whether served or not served in this action, whose acts or omissions are found to have proximately caused or contributed in any fashion to the injuries, if any, alleged to have been suffered by Giltsch herein, Hi-Shear reserves the right to

HAMRICK & EVANS, LLP

1  bring a third-party complaint and/or Counterclaim and/or move for judgment against

2  each such person or entity.

3  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

4  *(Statutes of Limitations)*

5  53.    As a separate and distinct affirmative defense, one or more of the

6  causes of action in Giltsch's Counterclaim is barred in whole or in part by the

7  applicable statutes of limitations set forth in the California Code of Civil Procedure,

8  including, but not limited to, Sections 337, 338, 339, 340, 343, 360.5 and/or any and

9  all contractual limitations periods.

10  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

11  *(Statutory Defenses Under 42 U.S.C. § 9607(b))*

12  54.    As a separate and distinct affirmative defense, if a determination is

13  made that Hi-Shear disposed of a hazardous substance at the site, which Hi-Shear

14  denies, then Hi-Shear alleges that there is no liability pursuant to the provisions of

15  42 U.S.C. § 9607(b).

16  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

17  *(No Joint and Several Liability for Response Costs)*

18  55.    As a separate and distinct affirmative defense, to the extent that a

19  release of hazardous substances has occurred at the site for which Hi-Shear is liable,

20  joint and several liability may not be imposed upon Hi-Shear because Giltsch, as a

21  potentially responsible party under CERCLA, is limited to a contribution claim and

22  is not entitled to recover from Hi-Shear, jointly and severally, the totality of the

23  response costs Giltsch alleges it has incurred.

24  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

25  *(Acts of Others)*

26  56.    As a separate and distinct affirmative defense, Hi-Shear is not liable

27  because the alleged release or threatened release at issue in the action and any

28  damages resulting therefrom were caused solely by the acts or omissions of one or

-17-

more third parties, and Hi-Shear exercised due care with respect the alleged hazardous substance(s) concerned.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

*(No Substantial Interference with Use and Enjoyment)*

57.    As a separate and distinct affirmative defense, if hazardous substances, hazardous wastes, wastes, or solid wastes are present on or beneath the site, such substances or wastes do not substantially interfere with Giltsch's use and enjoyment of said property, thus barring Giltsch's recovery for any alleged nuisance which purportedly exists at said site.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

*(Equitable Factors)*

58.    As a separate and distinct affirmative defense, the action is barred, in whole or in part, by such equitable factors which the court may apply pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §9613(f) and/or the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code, § 25363(e).

## TWENTY- NINTH AFFIRMATIVE DEFENSE

*(Contiguous Property)*

59.    As a separate and distinct affirmative defense, Hi-Shear is, pursuant to 42 U.S.C. § 9607(q), not liable to Giltsch to the extent that any alleged hazardous substances may have migrated from contiguous properties onto property owned or operated by Hi-Shear.

## THIRTIETH AFFIRMATIVE DEFENSE

*(Reservation of Rights to Allege Further Affirmative Defenses)*

60.    As a separate and distinct affirmative defense, Hi-Shear has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during investigation and/or discovery. Hi-Shear

HAMRICK & EVANS, LLP

-18-

1    reserves the right to amend its answer and/or to assert additional affirmative

2    defenses and/or to delete certain affirmative defenses in the event that investigation

3    and/or discovery indicates that it would be appropriate to do so.

4          WHEREFORE, Hi-Shear prays for judgment against Giltsch as follows:

5          1.   That Giltsch take nothing by way of its Counterclaim;

6          2.   That Hi-Shear be awarded judgment in this action;

7          3.   For reasonable attorneys' fees and legal expenses as permitted by

8    contract or statute;

9          4.   For costs of suit; and

10         5.   For such other and further relief as the Court may deem just and proper.

11

12   DATED:  September 3, 2019              HAMRICK & EVANS, LLP

13

14                                   By: */s/ Jeff Poole*_____

15                                         DAVID L. EVANS
                                           THOMAS P. SCHMIDT
16                                         JEFF POOLE
                                           Attorneys for Defendant, Counter-
17                                         Claimant, Counter-Defendant, and Third-
                                           Party Plaintiff HI-SHEAR
18                                         CORPORATION

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAMRICK & EVANS, LLP

## **DEMAND FOR JURY TRIAL**

Hi-Shear demands a jury trial on all claims and matters for which it is entitled to a trial by jury.

DATED:  September 3, 2019                    HAMRICK & EVANS, LLP

By:  /s/ *Jeff Poole*
DAVID L. EVANS
THOMAS P. SCHMIDT
JEFF POOLE
Attorneys for Defendant, Counter-Claimant, Counter-Defendant, and Third-Party Plaintiff HI-SHEAR CORPORATION

1

## **CERTIFICATE OF SERVICE**

2

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause. My business address is Hamrick & Evans, LLP, 2600 West Olive Avenue, Suite 1020, Burbank, California 91505.

3

4

5

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

6

I further certify that on September 3, 2019, I caused to be served the copies of the attached:

7

8

**HI-SHEAR CORPORATION'S  ANSWER TO THE ESTATE OF MARTIN GILTSCH JR. D/B/A GILTSCH MANUFACTURING CO.; THE EXECUTOR, ADMINISTRATOR, OR TRUSTEE OF THE ESTATE OF MARTIN GILTSCH JR. D/B/A GILTSCH MANUFACTURING CO.; AND GILTSCH MANUFACTURING CO.'S COUNTERCLAIM** on the parties in said action as follows:

9

10

11

☐ **BY REGULAR MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said document(s) will be deposited with United States Post Office mail box at Burbank, California, addressed as follows:

12

13

14

## **SEE ATTACHED SERVICE LIST**

15

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

16

17

18

19

☒ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

20

Executed on September 3, 2019, at Burbank, California.

21

22

*/s/ Sara Justice*
_____
Sara Justice

23

24

25

26

27

28

HAMRICK & EVANS, LLP

HI-SHEAR'S ANSWER TO GILTSCH'S COUNTERCLAIM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HAMRICK & EVANS, LLP

**SERVICE LIST**

*The City of Torrance v. Hi-Shear Corporation*

*Case No. 2:17-cv-07732-DSF-JPR*

| | |
|---|---|
| Richard Montevideo<br>Alan B. Fenstermacher<br>RUTAN & TUCKER, LLP<br>611 Anton Boulevard Suite 1400<br>Costa Mesa, CA 92626-1931 | Attorneys for Plaintiff and Counter-Defendant THE CITY OF TORRANCE<br><br>T:  714-641-5100<br>F:  714-546-9035<br><br>afenstermacher@rutan.com<br>rmontevideo@rutan.com<br>pjohnson@rutan.com<br>tvanlighten@rutan.com |
| Patrick L. Rendon, Esq.<br>Michael L. Lavetter, Esq.<br>LAMB & KAWAKAMI, LLP<br>333 South Grand Avenue, Suite 4200<br>Los Angeles, CA 90071 | Attorneys for Third-Party Defendant and Third-Party Plaintiff Magellan Aerospace Middletown, Inc.<br><br>T:  213-630-5500<br>F:  213-630-5555<br><br>prendon@lkfirm.com<br>mlavatter@lkfirm.com<br>lavetter@gmail.com<br>rramirez@lkfirm.com |
| Chris Thomas, Esq.<br>Andrea Driggs, Esq.<br>PERKINS COIE, LLP<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, AZ  85012-2788<br><br>Donald J. Kula, Esq.<br>PERKINS COIE, LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067 | Attorneys for Third-Party Defendant and Third-Party Plaintiff Esterline Technologies Corporation<br><br>T:  602.351.8000<br>F:  602-648-7000<br>CThomas@perkinscoie.com<br>ADriggs@perkiinscoie.com<br><br>T:  310-788.9900 – Don Kula<br>F:  310-788-3399 – Don Kula<br>DKula@perkinscoie.com<br>docketla@perkinscoie.com<br>YMendez@perkinscoie.com |

HI-SHEAR'S ANSWER TO GILTSCH'S COUNTERCLAIM

HAMRICK & EVANS, LLP

1
2
3
4
5

Tim A. Goetz, Esq.
Tim A. Goetz Law Offices
2901 Airport Drive
Torrance, CA 90505

Attorney for Third-Party Defendant and Third-Party Plaintiff ROBINSON HELICOPTER COMPANY, INC.

T:  310-539-0508
F:  310-539-5198
legal@robinsonheli.com
dmt@robinsonheli.com

6
7
8
9
10
11

Brian M. Ledger, Esq.
Christine J. Gracco, Esq.
Kara Berger Persson, Esq.
GORDON REES SCULLY & MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

T:  619-696-6700
F:  619-696-7124

bledger@grsm.com
egracco@grsm.com
mgonzalez@gordonrees.com
kpersson@grsm.com

12
13
14
15

Eric S. Postma, Esq.
BITTNER AND HAHS, PC
4949 Meadows Road,
Lake Oswego, OR 97035

Attorneys for Third-Party Defendant TURNING POINT CAPITAL, LLC

T:  503.228.5626
F:  503.228.8566
**epostma@bittner-hahs.com**
mmoore@bittner-hahs.com

16
17
18
19
20

Law Offices of William J. Beverly
William J. Beverly, Esq.
3424 West Carson Street, Suite 400
Torrance, CA 90503

Attorneys for Third-Party Defendant DASCO ENGINEERING CORPORATION

T:  310.793.7766
F:  310.793.7770
Beverlylawcorp.@aol.com
Beverlylawaide@hotmail.com

21
22
23
24
25
26
27
28

Brian D. Langa, Esq.
Tammy M. J. Hong, Esq.
DEMETRIOUS, DEL GUERCIO, SPRINGER AND FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90017

Attorneys for Third-Party Defendant S.B.L. AUTO, INC.

T:  213-624-8407
F:  213-624-0174

blanga@ddsffirmcom
tmjhong@ddsffirm.com

HAMRICK & EVANS, LLP

1
2
3
4
5

Erin Kathleen Poppler, Esq.
BASSI, EDLIN, HUIE AND BLUM,
LLP
515 South Flower Street, Suite 1020
Los Angeles, CA  90017

Attorneys for Third-Party Defendant
DCH TL HOLDINGS, LLC

T:  213-412-2661
F:  213- 652-1992
epoppler@behblaw.com
bjarman@behblaw.com
dpatel@behblaw.com
ehagstrom@behblaw.com
eserve@behblaw.com

6
7
8
9

Barry Daniel Alan Bryan, Esq.
Farheena A. Habib, Esq.
BASSI EDLIN HUI AND BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111

T:  415-397-9006
F:  415-397-1339
bbryan@behblaw.com
fhabib@behblaw.com

10
11
12
13
14
15

Michael Ceja Martinez, Esq.
U.S. DEPARTMENT OF JUSTICE
888 South Figueroa Street, Suite 1880
Los Angeles, CA 90017

Attorneys for Third-Party Defendant
THE UNITED STATES OF
AMERICA, on behalf of the Department
of Defense and the Department of the
Army

T:  213.894.2941
F: 213. 652.1992
Michael.c.martienz@usdoj.gov
Efile_eds.enrd@usdoj.gov

16
17
18
19
20

Bradley J. Glass, Esq.
Chris S. Leason, Esq.
GALLAGHER & KENNEDY PA
2575 East Camelback Road, Suite 1100
Phoenix, AZ  85016

Attorneys for Third-Party Defendant
MAGELLAN AEROSPACE,
MIDDLETOWN, an OHIO
CORPORATION

T:  602-530-8000
F: 602-530-8500
Brad.glass@gknet.com
Chris.leason@gknet.com

21
22
23
24
25
26
27
28

Charles E. Weir, Esq.
Jessica Mariani, Esq.
McDermott, Will & Emery LLP
2049 Century Park East, Suite 3800
Los Angeles, CA  90067

Attorneys for former Third-Party
Defendant Rexnord Industries, LLC

T:  310-277-4110
F:  310-277-4730
cweir@mwe.com
jmariani@mwe.com

-24-

HAMRICK & EVANS, LLP

1
2
3
4

Patricia M. O'Toole, Esq.
The O'Toole Law Firm
 333 South Grand Avenue, 42nd Floor
Los Angeles, CA 90071

Former counsel for Third-Party
Defendant and Third-Party Plaintiff
Magellan Aerospace Middletown, Inc.

T:  213-630-4200
F:  213-683-1148
Otoolelaw@earthlink.net

5
6
7
8

Robert L. Luty, Esq.
29900 Hawthorne Boulevard
Rolling  Hills Estates, CA 90274

Attorney for Third-Party Defendant HF
GROUP INC., a California corporation

T:  310-544-4588
F:  310-544-4580
robert@robertlluty.com

9
10
11
12

Rene P. Tatto, Esq.
David B. Sadwick, Esq.
TATRO TEKOSK SADWICK LLP
333 South Grand Avenue, Suite 4270
Los Angeles, CA 90071

Attorney for Third-Party Defendant
ARCONIC, Inc.

T: 213.255.7171
F: 213.225.7151
davidsadwick@ttsmlaw.com

13
14
15
16

Byron P. Gee, Esq.
NOSSAMAN LLP
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017-1602

Attorneys for Third-Party Defendant
EFCO, INC. d/b/a ERIE PRESS
SYSTEMS

T: 213.612.7800
F: 213.612.7801
bgee@nossaman.com

17
18
19
20
21
22
23
24
25
26
27
28

-25-

HI-SHEAR'S ANSWER TO GILTSCH'S COUNTERCLAIM