**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| CITY OF TORRANCE,<br><br>Plaintiff,<br><br>v.<br><br>HI-SHEAR CORPORATION, a Delaware Corporation, d/b/a LISI AEROSPACE,<br><br>Defendant.<br><br>———————————————<br>AND RELATED COUNTER CLAIMS AND THIRD-PARTY CLAIMS | Case No. 2:17-CV-07732-FWS-JPR<br><br>**FINAL JUDGMENT BETWEEN MAGELLAN AEROSPACE, MIDDLETOWN, INC. AND THE UNITED STATES** |

Consistent with the court's concurrently-filed Order Granting United States' Joint Motion to Approve Settlement of Claims with Magellan Aerospace,

1

Middletown Inc., as well as the terms of the proposed settlement between Magellan Aerospace, Middletown, Inc. ("Middletown") and the United States of America ("United States") (together, "the Settling Parties"), the court **APPROVES** the Parties' settlement reflected in the Consent Decree. The Court **FINDS**:

1. The Settlement between the United States and Middletown is procedurally and substantively fair, reasonable, and consistent with the objectives of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and the public interest.

2. The provisions of the Uniform Comparative Fault Act ("UCFA") shall apply as to the effect of this settlement on non-settling parties.

3. Pursuant to the terms of the Consent Decree, and as of the "effective date" of this Order (as defined within the Consent Decree):

   a. The United States will pay Middletown $250,000 to compensate Middletown for its alleged CERCLA response costs (past or future).

   b. In any subsequent settlement agreement which involves an indemnity claim with its insurance carriers, Middletown will make best efforts to require all such settling insurance carriers to waive any and all rights of subrogation they have or may have as against the United States.

   c. Middletown will release and covenant not to sue the United States for any Covered Matters, as defined by the Consent Decree.

   d. The United States will release and covenant not to sue Middletown for any Covered Matters, as defined by the Consent Decree.

4. The United States is entitled to contribution protection under CERCLA section 113(f), 42 U.S.C. § 9613(f), and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the United States' liability to persons not party to this Consent Decree with respect to Covered Matters.

5. This Order is not intended to bar, and shall not bar, any claims that exist or may exist or be filed by the United States on behalf of the United States Environmental Protection Agency, or by any federal natural resources trustee, relating to the Contamination that is subject of the City of Torrance's Second Amended Complaint.

**IT IS SO ORDERED.**

Entered on this 21st day of March, 2025.

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE